DODGE *v.* BLOOD.

1. VENUE—WAIVER.
   Jurisdiction in a transitory action may be waived.

2. PLEADING—AMENDMENT—NEW DEFENSES.
   New defenses, as the term is used in court rule relative to amendment of pleadings, are only those defenses which are occasioned by amendments to the original bill of complaint (Court Rule No. 26, §§ 1, 2).

3. VENUE—AMENDMENT OF BILL—WAIVER.
   Defendant who failed to raise question of venue in motion to dismiss bill of complaint may not question venue later merely because of an amended bill containing new matter wherein allegation as to venue is unchanged, objection to venue being deemed to have been waived (Court Rule No. 23, § 8 [1933, as amended]; No. 26, §§ 1, 2; No. 27, § 6 [1933]).

Appeal from Wayne; Richter (Theodore J.), J. Submitted April 13, 1943. (Docket No. 56, Calendar No. 42,357.)   Decided May 18, 1943.

Bill by C. Gerard Dodge against Howard E. Blood to compel specific performance of a contract for the sale of stock. Bill dismissed. Plaintiff appeals. Reversed and remanded.

*Miller, Canfield, Paddock & Stone,* for plaintiff.

*Leo W. Kuhn,* for defendant.

BUSHNELL, J.   Plaintiff C. Gerard Dodge, a resident of New York City, filed a bill of complaint to

compel specific performance of a contract to sell corporate stock. Defendant Howard E. Blood's motion to dismiss on the ground of noncompliance with the statute of frauds* was granted and plaintiff appealed. The order of the trial court was reversed and the cause was remanded for further proceedings. See *Dodge* v. *Blood,* 299 Mich. 364 (138 A. L. R. 322).

The first amended bill of complaint, filed February 14, 1941, averred that "defendant is a resident of Detroit, Michigan." After the cause was remanded, plaintiff filed a second amended bill of complaint on June 5, 1942, in which the averment as to defendant's residence was identical with that in the first amended bill of complaint. Defendant answered the second amended bill of complaint and in his answer denied the allegation that he "is a resident of Detroit, Michigan," and averred that "he is a resident of Oakland county, Michigan, his home and residence being located approximately one and one-half miles west of New Hudson, Oakland county, Michigan." In the answer defendant took the position that the circuit court of Wayne county was without jurisdiction and that plaintiff's bill of complaint should be dismissed. He renewed his motion to dismiss on the jurisdictional ground when the matter came on for trial and before proofs were taken. Blood testified that, although he had a house at 1441 Burns avenue in the city of Detroit, he had established his legal residence five or six years ago on a farm in Oakland county. The trial judge held that the question of venue was properly raised and not waived by the former motion. Plaintiff has appealed from a decree dismissing his second amended bill of complaint.

_____

* 2 Comp. Laws 1929, § 9443 (Stat. Ann. § 19.244).—Reporter.

Appellant contends that defendant waived objection to the venue by appearing generally, and that he is precluded from raising the question by his participation in the appeal from the first order without raising at that time the question of venue. Defendant contends that he can raise the question of venue for the first time in an answer to a subsequently amended bill of complaint.

Section 6 of Court Rule No. 27 (1933), provides:

"A motion attacking a pleading must be filed and served within 15 days after the receipt of the pleading attacked. All motions shall include all objections to the pleading attacked and to the proceedings up to that date in the case. And all objections to pleadings or proceedings not stated in the motion shall be deemed waived."

Defendant concedes that jurisdiction in a transitory action such as this can be waived, but he denies that any waiver exists. He admits that if the second amended bill of complaint had not been filed, the foregoing rule would preclude a second motion based on venue. He insists, however, that since new issues were raised in plaintiff's second amended bill of complaint, he is permitted under section 8 of Court Rule No. 23 (1933), as amended, to interpose the jurisdictional question "without waiver by answer." This section reads as follows:

"Pleas in equitable actions, other than pleas in abatement and to jurisdiction (which are abolished by statute) are abolished, and all defenses which might formerly be raised by such pleas so abolished by statute or hereby, may be interposed without waiver by answer. An issue so raised may be brought on for hearing on notice of either party by motion in advance of the trial. The rules and practices pertaining to the hearing and determination of motions to dismiss shall be applicable hereto."

Plaintiff could amend his bill of complaint at any time before it was answered under the following provisions of Court Rule No. 26:

"Section 1. A plaintiff may at any time before answer is put in, or within 15 days thereafter, amend his declaration or bill of complaint, and a defendant within 15 days after his answer is put in, may amend the same; without leave of court and without costs.

"Sec. 2. Under this rule new counts or new defenses, setoffs, recoupments, or cross bills may be added to a declaration or answer."

Neither section 8 of Court Rule No. 23 nor sections 1 and 2 of Court Rule No. 26 conflict with the provisions of section 6 of Court Rule No. 27, because "new defenses" are only those defenses which are occasioned by amendments to the original bill of complaint. Having failed to raise the question of venue in his first motion, defendant cannot raise this question later merely because of an amended bill containing new matter wherein the allegation as to venue is unchanged.

When the defendant moved to dismiss on the ground that the contract was unenforceable, he was advised by the bill of complaint, which he attacked, that plaintiff charged him with being a resident of the city of Detroit. At that time he should have raised the question of venue, and since he did not, that objection must be deemed to have been waived. Any other holding would permit a continued and piecemeal attack upon the pleadings, and an undue delay of a trial on the merits.

The decree of the trial judge is vacated and the cause is remanded for such further proceedings as

may be necessary for a determination of the issues. Costs to appellant.

Boyles, C. J., and Chandler, North, Starr, Wiest, Butzel, and Sharpe, JJ., concurred.