Per Curiam.
 

 Plaintiff Travelers Insurance Company appeals by right the grant of summary disposition in favor of defendant Detroit Edison Company pursuant
 
 *487
 
 to MCR 2.116(C)(4) on the grounds that the Michigan Public Service Commission (MPSC) has primary jurisdiction over plaintiffs breach of contract action. We reverse and remand.
 

 The facts are undisputed. In. January 1995, defendant Detroit Edison interrupted steam service to the Heaven On Earth Inn (the Inn) for over twenty-four hours after a city of Detroit water tunnel burst and flooded Detroit Edison’s steam tunnel. According to plaintiff, the shutdown caused the Inn’s water lines to freeze and burst, resulting in extensive damage to the Inn. Plaintiff, pursuant to a property damage insurance policy, paid $1.6 million in insurance benefits to repair the Inn. Afterward, plaintiff commenced this subrogation action to recover the insurance benefits it paid on behalf of the Inn.
 

 Plaintiff filed its complaint on October 17, 1995, against defendants
 
 [1]
 
 for negligence, nuisance, and trespass. Plaintiff also alleged a breach of contract claim against defendant Detroit Edison for violating General Rule No. 4 of MPSC Tariff No. 4. The rule states:
 

 4. Character of Service
 

 The Company will endeavor, but does not guarantee, to furnish continuous and adequate steam service .... Service is subject to interruption by agreement, by accident, or by necessity of maintenance or system operation or other causes not under the control of the Company.
 

 The Company will not be hable for damages, either direct or consequential, caused by any interruption of service . . . due to strike, accident, . . . storm or flood, or other natural disasters or any cause whatsoever beyond its control
 
 *488
 
 except such as may result from failure of the Company to exercise reasonable care and skill in furnishing the service. . . .
 

 Defendant Detroit Edison filed its answer to plaintiffs complaint on October 27, 1995. It did not assert lack of primary jurisdiction as an affirmative defense in its answer.
 

 Defendants filed various motions for summary disposition pursuant to MCR 2.116(C)(8) and (10), and the trial court entered orders granting summary disposition in favor of defendants Detroit Edison, the City of Detroit Water and Sewer Department, Gordon, and Leavey regarding plaintiffs negligence, nuisance, and trespass claims. Plaintiff was permitted, however, to proceed against Detroit Edison (hereafter defendant) on plaintiffs breach of contract theory, in accordance with the court’s March 19, 1996, order.
 

 On March 28, 1997, plaintiff filed its first amended complaint, upon stipulation of the parties and pursuant to the trial court’s order.
 
 [2]
 
 As in count in of plaintiff’s original complaint, the first amended complaint alleged that defendant Detroit Edison breached its contract with plaintiff to provide steam service to the Inn, in violation of mpsc Tariff No. 4. This alleged breach caused the Inn’s pipes to freeze and burst, which resulted in extensive property damage. The original and amended pleadings are virtually identical.
 
 [3]
 
 On April 4, 1997, defendant Detroit Edison filed its answer to plaintiff’s first amended complaint. In its
 
 *489
 
 affirmative defenses, defendant argued for the first time, without seeking leave to amend its original answer, that the trial court “lacks jurisdiction of this matter and that proper jurisdiction is with the [mpsc].”
 

 On April 18, 1997, defendant filed its motion for summary disposition pursuant to MCR 2.116(C)(4), arguing that “primary jurisdiction for actions involving claims for breach of contract against public utilities is not in a court of general jurisdiction, but before the [MPSC].” Plaintiff opposed defendant’s motion on the bases that (1) this case does not require the expertise of the MPSC, (2) this case presents no threat to the uniform resolution of issues between the MPSC and the courts, (3) resolution of this case will not have an adverse effect on the mpsc’s regulatory responsibilities, (4) judicial proceedings have advanced to a point where it would be unfair to dismiss the action,
 
 [4]
 
 and (5) defendant waived this defense by failing to raise it in a timely fashion.
 

 The trial court granted defendant’s motion for summary disposition upon determining that the doctrine of primary jurisdiction applied and was not waived. Citing
 
 Dist of Columbia v Thompson,
 
 570 A2d 277, 288 (DC App, 1990), the trial court concluded that while primary jurisdiction did not implicate a.court’s subject-matter jurisdiction in the strict sense, policy considerations dictated that it not be treated as a
 
 *490
 
 waivable defense. The court quoted and relied on the following passage from
 
 Thompson, supra
 
 at 287-288:
 

 “We have never decided whether the requirement that claimants submit claims to an agency before filing suit—the defense of ‘primary jurisdiction’—can be waived if not raised before or during trial. A question of ‘primary jurisdiction’ arises when a claim may be cognizable in a court but initial resolution of issues within the special competence of an administrative agency is required. . . .
 

 “ ‘Primary jurisdiction,’ like the doctrine of ‘exhaustion of administrative remedies,’ is concerned with ‘promoting proper relationships between the courts and administrative agencies charged with particular regulatory duties.’. . . We generally defer to agencies for initial resolution of issues the legislature has put in their special competence. . . . There are two reasons for this doctrine: uniformity of result and application of the specialized and expert knowledge of the agency. . . .
 

 “Some courts have held that the primary jurisdiction defense cannot be waived. . . . These courts looked at the reasons behind the doctrine and concluded that the parties cannot waive it ‘since the doctrine exists for the proper distribution of power between judicial and administrative bodies and not for the convenience of the parties.’ ”
 

 The court also observed, relying on
 
 Rinaldo’s Constr Corp v Michigan Bell Telephone Co,
 
 454 Mich 65, 70; 559 NW2d 647 (1997), that
 

 Michigan courts recognize the concept of primary jurisdiction as, not so much as divesting a court of its subject matter jurisdiction in favor of the exclusive jurisdiction of an administrative agency, but a “concept of judicial deference and discretion,” and that it exists as “recognition of the need for orderly and sensible coordination of the work of agencies and of courts.”... In
 
 Rinaldo’s, supra
 
 71, the court noted that primary jurisdiction “applies where a claim is originally cognizable in the court and comes into play whenever enforcement of the claim requires the resolution
 
 *491
 
 of issues which, under a regulatory scheme, have been placed with the special competence of an administrative body.”[
 
 5
 
 ] Apparently, however, MCR 2.116(C)(4) (lack of subject matter jurisdiction) is, at least tacitly, recognized as the appropriate procedural vehicle for raising the issue.
 
 Id.
 
 [
 
 6
 
 ]
 

 The court concluded that the policy reasons supporting Michigan’s recognition of primary jurisdiction mirrored those in
 
 Thompson
 
 and, thus, supported finding that the defense of primary jurisdiction was not subject to waiver particularly where, as here, the case had not proceeded to trial. Applying the rationale in
 
 Thompson,
 
 the trial court found that defendant’s primary jurisdiction defense was not waived and dismissed plaintiff’s argument that it would be prejudiced by the late assertion of the defense in light of the extensive discovery completed in the civil case.
 
 *492
 
 It concluded that these discovery efforts would “only assist in a swifter resolution of the matter by the Commission.”
 

 i
 

 Plaintiff appeals on several grounds, the first being that defendant waived the affirmative defense of primary jurisdiction by failing to raise it in a timely matter. We agree, but for different reasons.
 

 At the outset, we reject the trial court’s conclusion that primary jurisdiction is a defense like subject-matter jurisdiction that can be raised at any time. MCR 2.111(F)(3); MCR 2.116(D). Whatever similarities exist between these defenses, our Supreme Court has held that primary jurisdiction and subject-matter jurisdiction are not one and the same. As our Supreme Court observed in
 
 Rinaldo’s, supra
 
 at 70-74:
 

 Primary jurisdiction “is a concept of judicial deference and discretion.” LeDuc, Michigan Administrative Law, § 10:43, p 70. ... In
 
 White Lake [Improvement Ass’n v City of Whitehall,
 
 22 Mich App 262; 177 NW2d 473 (1970)], the Court of Appeals correctly noted that “]t]he doctrine of primary jurisdiction does not preclude civil litigation; it merely
 
 suspends
 
 court action.”
 
 Id.
 
 at 271. Thus, LeDuc notes, “[p]rimary jurisdiction is not a matter of whether there will be judicial involvement in resolving issues, but rather of
 
 when it will occur and where the process will start.” Id.
 
 at § 10:44, p 73. A court of general jurisdiction considers the doctrine of primary jurisdiction “whenever there is
 
 concurrent original subject matter jurisdiction
 
 regarding a disputed issue in both a court and an administrative agency.”
 
 Id.
 
 at 10:43, p 70.
 

 The circuit court has not been ousted of its original jurisdiction under art 6, § 13 of the Michigan Constitution by the
 
 *493
 
 regulatory legislation. Under the telephone act of 1913, the mpsc possessed the “power and jurisdiction to hear and pass upon all matters pertaining to, necessary, or incident to the regulation of all public utilities, including . . . telephone . . . .” MCL 460.6(1); MSA 22.13(6)(1). In other words, the Legislature has broadly defined the power and jurisdiction of the mpsc over such matters,
 
 without explicitly providing that this power and jurisdiction is exclusive.
 
 [Emphasis added.]
 

 Because the defense of primary jurisdiction says nothing about the power of the court to resolve a dispute before it, there would appear to be no policy that justifies equating primary jurisdiction with subject-matter jurisdiction for purposes of MCR 2.111(F)(3) and MCR 2.116(C)(4).
 
 [7]
 

 This point is more easily understood when viewed in the analogous context of arbitration agreements raised as affirmative defenses. In
 
 Campbell v St John Hosp,
 
 434 Mich 608, 613-615; 455 NW2d 695 (1990), our Supreme Court recognized that despite the Malpractice Arbitration Act, MCL 600.5040
 
 et seq.;
 
 MSA 27A.5040
 
 et seq.,
 
 and the uniform arbitration act, MCL 600.5001
 
 et seq.;
 
 MSA 27A.5001
 
 et seq.,
 
 the circuit court was not deprived of jurisdiction to decide medical malpractice claims where the complaining party signed a valid arbitration agreement. Where,
 
 *494
 
 however, a party fails to assert the affirmative defense of the existence of an arbitration agreement
 
 [8]
 
 in its original responsive pleading, it is waived.
 
 Campbell, supra
 
 at 615-617.
 

 We believe that the affirmative defense of primary jurisdiction, which does not deprive the trial court of subject-matter jurisdiction, is more closely akin to the affirmative defense of the existence of an arbitration agreement and should be treated similarly. We will not, therefore, equate the defenses of primary jurisdiction and subject-matter jurisdiction in resolving this appeal. Accord
 
 Campbell, supra.
 

 With respect to properly and timely pleading defenses, MCR 2.111(F)(2) and (3) state as follows:
 

 (2) Defenses Must Be Pleaded; Exceptions. A party against whom a cause of action has been asserted by complaint, cross-claim, counterclaim, or third-party claim must assert in a responsive pleading the defenses the party has against the claim. A defense not asserted in the responsive pleading or by motion as provided by these rules is waived, except for the defenses of lack of jurisdiction over the subject matter of the action, and failure to state a claim on which relief can be granted. . . .
 

 (3) Affirmative Defenses. Affirmative defenses must be stated in a party’s responsive pleading,
 
 either as originally filed or as amended in accordance with MCR 2.118.
 
 [Emphasis added.]
 

 The failure to raise an affirmative defense as required by MCR 2.111(F) constitutes a waiver of that affirmative defense.
 
 Stanke v State Farm Mut Automobile
 
 
 *495
 

 Ins Co,
 
 200 Mich App 307, 312; 503 NW2d 758 (1993).
 
 [9]
 
 In
 
 Stanke,
 
 at 317-318, this Court quoted the Supreme Court in
 
 Campbell, supra
 
 at 616, as observing:
 

 “MCR 2.111(F)(3)(c) requires the inclusion of ‘a ground of defense’ which ‘would be likely’ to surprise the adverse party. . . .
 

 “[T]he broad language employed in MCR 2.111(F), coupled with case law recognizing the existence of affirmative defenses not specifically set forth in MCR 2.111(F)(3)(a) provides adequate warning to the practitioner that defenses which go beyond rebutting the plaintiff’s prima facie case, other than lack of subject matter jurisdiction and failure to state a claim, should be stated in the responsive pleading, lest they be deemed to have been waived.” [Emphasis deleted.]
 

 In short, unless a defense is properly and timely stated, it is waived.
 

 Here, the parties do not contest that primary jurisdiction is an affirmative defense. For the defense of primary jurisdiction to be properly and timely stated here, it must have been raised in either the responsive pleading, as originally filed, or by motion under MCR 2.118. Defendant did not assert the defense of primary jurisdiction in its original responsive pleading, i.e., its answer to plaintiffs October 1995 complaint, nor did defendant add the defense by grant of a motion under MCR 2.118.
 
 [10]
 
 Instead, defendant
 
 *496
 
 raised the defense for the first time in its answer to a complaint amended in conformity with MCR 2.118. Under the circumstances presented here, defendant’s attempt to so add the defense was neither proper nor timely.
 

 Absent new allegations in plaintiff’s amended complaint that would prompt the assertion of a new defense, defendant could not, merely by answering the amended complaint, include new defenses such as primary jurisdiction.
 
 Dodge v
 
 Blood, 305 Mich 443, 446; 9 NW2d 668 (1943). In
 
 Dodge, supra
 
 at 444-445, the defendant answered the plaintiff’s amended complaint filed in Wayne County and, for the first time, alleged that venue was appropriate in Oakland County, not Wayne County. The defendant then moved to dismiss the action at the outset of trial, and the trial court dismissed the action upon finding that the defendant did not waive the venue defense.
 
 Id.
 

 Our Supreme Court vacated the trial court’s decree and remanded the case for further proceedings upon finding that the defendant attempted to improperly amend its answer, in accordance with the 1933 Michigan Court Rules, Rule 27, § 6, Rule 26, §§ 1 and 2, and Rule 23, § 8.
 
 [11]
 

 Dodge, supra
 
 at 445. It found that “new
 
 *497
 
 defenses” can be created only by amendment of the original complaint, and “[hjaving failed to raise the question of venue in his first motion, defendant cannot raise this question later merely because of an amended bill containing new matter
 
 wherein the allegation as to venue is unchanged.”
 
 Id. at 446 (emphasis added). Our Supreme Court further held:
 

 When the defendant moved to dismiss on the ground that the contract was unenforceable, he was advised by the bill of complaint, which he attacked, that plaintiff charged him with being a resident of the city of Detroit. At that time, he should have raised the question of venue, and since he did not, that objection must be deemed to have been waived.
 
 Any other holding would permit a continued and piecemeal attack upon the pleadings, and an undue delay of a trial on the merits. [Id.
 
 (emphasis added).]
 

 See also
 
 Oy Tilgmann, AB v Sport Publishing Int’l, Inc,
 
 110 FRD 68, 70 (ED Penn, 1986) (the defendants were required to seek leave under Fed R Civ P 15[a]
 
 [12]
 
 to file an answer to an amended complaint that contained new affirmative defenses and counterclaims because none of these changes were necessitated by the new language in the amended complaint; thus, the answer was an amended pleading filed in violation of Fed R Civ P 15[a]);
 
 Gilmore v Shearson/American Express, Inc,
 
 811 F2d 108, 112-113 (CA 2, 1987) (the
 
 *498
 
 filing of an amended complaint does not revive the defendant’s ability to raise, for the first time, the existence of an arbitration agreement as a defense; that defense was waived because it was not raised in response to the original complaint).
 

 In the case at bar, we find that the allegations affecting primary jurisdiction remained unchanged from plaintiff’s original and amended complaints. Plaintiff’s amended complaint mirrored the allegations in its original complaint regarding defendant, save for deleting the allegation that defendant was forced to shut down its steam tunnels. Plaintiff made no new allegations in its amended complaint that would permit defendant to expand its affirmative defenses in its answer to the amended complaint. Moreover, nothing occurred in the seventeen months between the filing of plaintiff’s original complaint and its amended complaint that would have brought this doctrine to light for the first time. Therefore, defendant’s primary jurisdiction defense must be deemed waived under MCR 2.111(F) because it was not raised in defendant’s original pleading or by amendment under MCR 2.118(A). We will not “permit a continued and piecemeal attack upon the pleadings . . . .”
 
 Dodge, supra
 
 at 446.
 

 Although determining that defendant waived the defense may seem harsh, we believe that the language of MCR 2.111(F) mandates this conclusion. Stated otherwise, if a defendant were permitted to raise affirmative defenses at any time, it would destroy the notions of judicial economy that underlie the requirements of MCR 2.111(F). Requiring by court rule that defenses “must” be stated, but then holding that defendant could supplement its defenses at any time
 
 *499
 
 in response to an amended complaint would render illusory the mandatory language of the court rule. Accord
 
 Dodge, supra.
 

 Defendant will likely argue that even if the primary jurisdiction defense were not properly raised, we should permit defendant the opportunity to seek leave to amend in accordance with MCR 2.118(A) upon remand to the trial court. Given our analysis of the waiver issue, we are unpersuaded that defendant is entitled to leave to amend its original answer at this juncture, and we believe the same result is dictated by MCR 2.118.
 

 In
 
 Ben P Fyke & Sons v Gunter Co,
 
 390 Mich 649, 656-667; 213 NW2d 134 (1973), our Supreme Court established rules for determining whether leave to amend should be given and whether prejudice to the nonmoving party exists. In doing so, it discussed this Court’s decision in
 
 Wilson v Eubanks,
 
 36 Mich App 287, 293; 193 NW2d 353 (1971):
 

 In
 
 Wilson v Eubanks,
 
 supra, the judge allowed the amendment two years after the action was commenced. Had the defendant initially raised the defense [i.e., a foreign statute of limitations defense] the plaintiffs would have been spared the two-year cost of prosecuting their action. During this period, the plaintiffs had participated in pretrial discovery, none of which was related to the statute of limitations defense. The costs incurred by the plaintiffs during the two-year delay in the assertion of the defense was a factor in the Court of Appeals’ refusal to permit the amendment.
 
 [Fyke, supra
 
 at 661.]
 

 Here, the parties engaged in discovery for seventeen months before defendant raised the primary jurisdiction defense. Delay and unnecessary expense may increase the risk of substantial prejudice to the
 
 *500
 
 party opposing the amendment.
 
 Id.
 
 at 663-664. Arguably, the thirty or more depositions that the parties took in this case before defendant raised this affirmative defense could be useful if defendant were permitted to amend its answer and this matter proceeded to the MPSC. Defendant, however, must first overcome plaintiff’s assertion of prejudice before being permitted to amend its pleadings, which may be difficult in light of
 
 Fyke, supra,
 
 and
 
 Wilson, supra.
 

 Applying the law and the court rules to the case before us, we believe that defendant effectively waived its right to assert its primary jurisdiction defense by failing to raise it until seventeen months after plaintiff filed its original complaint and by failing to properly amend its answer to add this affirmative defense. Under MCR 2.111(F)(2), this affirmative defense is therefore waived. Hence, summary disposition in favor of defendant was improper, and plaintiff is entitled to proceed against defendant upon remand to the trial court.
 

 n
 

 In light of our ruling with regard to issue I, we find plaintiff’s other issues raised on appeal to be moot.
 

 Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.
 

 [1]
 

 Defendant Stephen E Gordon was sued in his capacity as director of defendant City of Detroit Water and Sewer Department, and defendant Kathleen Leavey was sued as the deputy director of the department.
 

 [2]
 

 Plaintiff filed its motion to file an amended complaint in November 1996, but for various reasons, plaintiff did not receive leave from the court to amend until March 1997.
 

 [3]
 

 The amended complaint consolidated and restated the original complaint’s factual allegations and assertions in count m against Detroit
 
 *489
 
 Edison except for the allegation that defendant was forced to shut off the steam to the Inn (which was deleted in the amended complaint).
 

 [4]
 

 According to plaintiff, by the time defendant asserted its primary jurisdiction affirmative defense, over thirty depositions had been taken, the case had been mediated and facilitated, and substantial discoveiy had been completed.
 

 [5]
 

 This language is originally found in
 
 United States v Western P R Co,
 
 352 US 59; 77 S Ct 161; 1 L Ed 2d 126 (1956), which the
 
 Rinaldo’s
 
 Court observed our Supreme Court applied in
 
 Attorney General v Diamond Mortgage Co,
 
 414 Mich 603, 613; 327 NW2d 805 (1982). See
 
 Rinaldo’s, supra
 
 at 70-71.
 

 [6]
 

 In
 
 Rinaldo’s, supra
 
 at 89, our Supreme Court affirmed the grant of summary disposition in favor of the defendant, stating:
 

 [Plaintiff's cause of action was properly dismissed in favor of the primary jurisdiction of the mpsc where the only duty allegedly breached was the contractual duty the defendant had to the plaintiff under the terms of the customer service relationship. The plaintiff did not allege any violation of the regulatory code or tariffs, nor did it allege acts sufficient to constitute tortious conduct. The presumptively valid and comprehensive regulatory scheme anticipated this type of liability and accounted for it adequately as a matter pertaining to the regulation of the public utility.
 

 The Supreme Court did not directly address whether MCR 2.116(C)(4) was the appropriate vehicle for asserting the primary jurisdiction defense. Nevertheless, the Supreme Court’s silence provided the trial court in the instant case with the “tacit approval” it relied on in granting defendant’s motion under MCR 2.116(C)(4).
 

 [7]
 

 The trial court admitted, albeit erroneously, that it viewed defendant’s motion for summary disposition as being properly raised under MCR 2.116(C)(4), which states “[t]he court lacks jurisdiction of the subject matter.” We find no authority for the proposition that a motion to dismiss on the basis of primary jurisdiction must or should be brought or considered under MCR 2.116(C)(4), and the parties cite none to us. Moreover, even though the Supreme Court in
 
 Rinaldo’s
 
 affirmed summary disposition in favor of the defendant under MCR 2.116(C)(4), it is difficult to reconcile this result and the Court’s discussion of the distinctions between primary and subject-matter jurisdiction.
 

 [8]
 

 The Supreme Court observed that “an arbitration agreement is properly regarded as an affirmative defense” because it is not a negative defense that goes to the merits of the plaintiffs claim.
 
 Campbell, supra
 
 at 616.
 

 [9]
 

 “An affirmative defense is a defense that does not controvert the plaintiffs establishing a prima facie case, but that otherwise denies relief to the plaintiff.
 
 Campbell, supra.
 
 In other words, it is a matter that accepts the plaintiffs allegation as true and even admits the establishment of the plaintiffs prima facie case, but that denies that the plaintiff is entitled to recover on the claim for some reason not disclosed in the plaintiff’s pleadings.”
 
 Stanke, supra
 
 at 312.
 

 [10]
 

 Under MCR 2.118(A)(1) and (2):
 

 
 *496
 
 (1) A party may amend a pleading once as a matter of course within 14 days after being served with a responsive pleading by an adverse party, or within 14 days after serving the pleading if it does not require a responsive pleading.
 

 (2) Except as provided in subrule (A)(1), a party may amend a pleading only by leave of the court or by written consent of the adverse party. Leave shall be freely given when justice so requires.
 

 [11]
 

 Rule 27, § 6, provided the deadline for “[a] motion attacking a pleading” and stated that “ail objections to pleadings or proceedings not stated in the motion shall be deemed waived.” Rule 26, §§ 1 and 2, stated the time deadlines for amending an answer and that “new counts or new defenses . . . may be added to a declaration or answer.” Finally, Rule 23,
 
 *497
 
 § 8, provided in part that “all defenses which might formerly be raised by [pleas in equitable actions that are abolished] by statute or hereby, may be interposed without waiver by answer. An issue so raised may be brought on for hearing on notice of either party by motion in advance’ of the trial.”
 

 [12]
 

 Fed R Civ P 15 is the federal model for MCR 2.118. In
 
 Ben P Pyke & Sons v Gunter Co,
 
 390 Mich 649, 656; 213 NW2d 134 (1973), our Supreme Court “acknowledged the Federal source of Rule 118 and [that it has] been guided by the Federal precedents.”