CONWAY v CONTINENTAL INSURANCE COMPANY

Docket No. 102452. Submitted February 23, 1989, at Detroit. Decided May 18, 1989.

Lucious C. Conway sustained injury while operating a motor vehicle owned by his employer. Conway brought an action in the 36th District Court seeking payment of no-fault automobile insurance work loss benefits by Continental Insurance Company and Buckeye Casualty Company. A jury returned a verdict awarding the benefits sought by plaintiff. The trial court also awarded plaintiff attorney fees and interest pursuant to the no-fault act, and denied as untimely defendant's motions for a judgment notwithstanding the verdict or a new trial. On appeal, the Wayne Circuit Court, J. Phillip Jourdan, J., reduced the jury award by allowing defendants a setoff for workers' compensation benefits already paid to plaintiff, but otherwise affirmed the district court. Defendants sought and were granted leave to appeal in the Court of Appeals.

The Court of Appeals *held:*

1. The circuit court, as required by the no-fault act, correctly reduced the award of work loss benefits by the amount of workers' compensation benefits already paid to plaintiff. The circuit court did not err in refusing defendants a setoff for future workers' compensation benefits payable to plaintiff since any reduction for such future benefits would be speculative in light of the fact that plaintiff's claim for additional workers' compensation benefits is still pending before the Workers' Compensation Appeal Board.

2. The jury, as instructed by the district court, deducted no-fault benefits already paid to plaintiff and fifteen percent of plaintiff's lost income in computing its award. The district court therefore did not err in refusing defendants' request for a

REFERENCES

Am Jur 2d, Automobile Insurance §§ 344, 345, 368.

What constitutes bad faith on part of insurer rendering it liable for statutory penalty imposed for bad faith in failure to pay, or delay in paying, insured's claim. 33 ALR4th 579.

Automobile insurer's liability for statutory excess interest for delayed payment of no-fault claim. 14 ALR4th 761.

reduction of the jury award for no-fault benefits already paid to plaintiff and on the basis of the no-fault act provision limiting work loss benefits to eighty-five percent of lost income.

3. The district court did not clearly err in finding that defendants' refusal and delay in paying no-fault benefits to plaintiff was unreasonable and that such refusal and delay entitled plaintiff to an award of attorney fees pursuant to the no-fault act.

4. The district court did not err in assessing interest pursuant to the no-fault act on defendants' overdue payment of benefits.

5. The district court did not err in ruling that defendants' motions for a judgment notwithstanding the verdict or a new trial were not timely. In any event, since defendants' appellate claims have been considered by the circuit court and the Court of Appeals, the issue is moot.

Affirmed.

1. INSURANCE — NO-FAULT — PERSONAL PROTECTION INSURANCE — WORK LOSS BENEFITS — WORKERS' COMPENSATION — SETOFF.

Work loss benefits payable under the personal protection insurance provisions of a policy of no-fault automobile insurance are to be reduced by the amount of workers' compensation benefits already paid for the same injury but not by any additional workers' compensation benefits where the claim for additional benefits is pending before the Workers' Compensation Appeal Board (MCL 500.3109[1]; MSA 24.13109[1]).

2. INSURANCE — NO-FAULT — ATTORNEY FEES — APPEAL.

A trial court may order a no-fault insurer to pay an insured's attorney fees incurred in pursuing a claim where the court determines that the insurer unreasonably refused to pay the claim or unreasonably delayed making proper payment; a court's finding of unreasonable refusal or delay will not be disturbed on appeal unless it is clearly erroneous (MCL 500.3148; MSA 24.13148).

3. INSURANCE — DELAY IN PAYMENT.

An insurer's delay in making payments to an insured is not unreasonable where the delay is the product of a legitimate question of statutory construction, constitutional law, or a bona fide factual uncertainty.

4. INSURANCE — NO-FAULT — PERSONAL PROTECTION INSURANCE — INSURER'S DELAY IN PAYMENT OF BENEFITS — INTEREST.

A rebuttable presumption that payment of personal protection

insurance benefits is overdue arises where benefits are not paid within thirty days of the insurer's receipt of reasonable proof of loss; an insurer must pay interest on overdue payments of personal protection insurance benefits (MCL 500.3142; MSA 24.13142).

*Chui Karega,* for plaintiff.

*Law Offices of Natinsky & Jaffa* (by *Jonathan M. Jaffa*), for defendants.

Before: GRIBBS, P.J., and HOLBROOK, JR., and REILLY, JJ.

PER CURIAM. Plaintiff was awarded a jury verdict in 36th District Court of $46,625.84 in no-fault benefits for work loss after he was injured while using his employer's motor vehicle. Defendants appealed to the Wayne Circuit Court and the judgment was affirmed, but reduced by workers' compensation benefits paid to plaintiff. Defendants appeal to this Court by leave granted. We affirm.

Defendants' first contention on appeal is that the circuit court failed to properly reduce the jury verdict by workers' compensation benefits pursuant to MCL 500.3109(1); MSA 24.13109(1):

Benefits provided or required to be provided under the laws of any state or the federal government shall be subtracted from the personal protection insurance benefits otherwise payable for the injury.

Under the statute, when a worker is injured in a motor vehicle accident in the course of his employment, workers' compensation benefits must be subtracted from the no-fault recovery. *Mathis v Interstate Motor Freight System,* 408 Mich 164; 289 NW2d 708 (1980). Here, the circuit court allowed defendants a setoff for approximately $2,200 in

workers' compensation benefits already paid to plaintiff at the time of trial. However, defendants allege that they are also entitled to a setoff for future workers' compensation benefits. Plaintiff's claim for additional workers' compensation benefits is currently pending before the Workers' Compensation Appeal Board.

Defendants had the burden of proving their entitlement to a setoff under § 3109(1) at trial. Since plaintiff's claim was pending, "[d]efendant was unable to do so and in fact did not attempt to do so in this case." *Joiner v Michigan Mutual Ins Co,* 137 Mich App 464, 475; 357 NW2d 875 (1984), lv den 422 Mich 920 (1985). Indeed, a setoff cannot be made until the amount of workers' compensation benefits to which plaintiff is entitled is finally determined. *Joiner v Michigan Mutual Ins Co,* 161 Mich App 285, 293; 409 NW2d 808 (1987).

Since any reduction of future benefits would be speculative at this point, the circuit court did not err by ordering a setoff of only those benefits already paid. As this Court has previously noted, since "the purpose of no-fault insurance is to pay insureds promptly for economic losses . . . it would defeat the purpose of no-fault insurance if we were to allow an insurance company to delay payments in its hope that it was entitled to reimbursement." *Cannell v Riverside Ins Co,* 147 Mich App 699, 706; 383 NW2d 89 (1985).

However, in order to prevent duplicative recovery, defendants are clearly entitled to reimbursement in the event benefits for the same wage period are ultimately provided or required to be provided. *Tebo v Havlik,* 418 Mich 350, 367; 343 NW2d 181 (1984); *Gregory v Transamerica Ins Co,* 425 Mich 625, 630-632; 391 NW2d 312 (1986); *McKim v Home Ins Co,* 163 Mich App 828, 831; 415 NW2d 315 (1987); *McFadden v Allstate Ins Co*

*(On Remand),* 164 Mich App 20, 26; 416 NW2d 364 (1987); *Joiner,* 137 Mich App 475.

Next, defendants argue that the trial court erred by failing to reduce the jury's verdict by the amount of no-fault benefits already paid. We do not agree. As the circuit court stated in its ruling, the trial court properly instructed the jury to award only work loss benefits not already reimbursed by defendants. The no-fault benefit checks received by plaintiff were admitted into evidence and the jury was apprised of the amounts. The trial court also instructed the jury that work loss benefits consist of eighty-five percent of plaintiff's lost income in accordance with MCL 500.3107(b); MSA 24.13107(b). Since the jury was implicitly instructed to deduct no-fault benefits already paid and fifteen percent of plaintiff's lost income in computing its award, the trial court did not err by refusing to further reduce the verdict by those amounts.

Defendants' third claim is that the trial court erred by granting plaintiff's request for attorney fees. We disagree.

The prevailing party in a no-fault action may recover his attorney fees if the insurer acted unreasonably in delaying or refusing payment of the claim. MCL 500.3148(1); MSA 24.13148(1). In order to award attorney fees to the plaintiff, the trial court must find that the insurer acted unreasonably. *Wood v DAIIE,* 413 Mich 573, 587; 321 NW2d 653 (1982). A refusal or delay by an insurer will not be found to be unreasonable where the delay is the result of a legitimate question of statutory construction, constitutional law or a bona fide factual uncertainly. *Wright v League General Ins Co,* 167 Mich App 238, 246-247; 421 NW2d 647 (1988). A trial court's finding of unreasonable refusal or delay will not be reversed on appeal

unless it is clearly erroneous. *Kondratek v Auto Club Ins Ass'n,* 163 Mich App 634, 638; 414 NW2d 903 (1987).

In this case, the trial court stated in its written opinion that "[d]efendants' failure to pay benefits to Plaintiff was unreasonable." The record in this case shows that plaintiff was injured on July 29, 1981. Plaintiff testified that defendants refused to provide him with an application for no-fault benefits until he complained to the Insurance Bureau. Plaintiff submitted his application for no-fault benefits in April or May of 1982. He received a check, dated June 2, 1982, for lost income during the period from July through November of 1981. On July 7, 1982, defendants' doctor examined plaintiff and, based on the doctor's report, plaintiff's benefits were terminated. Shortly thereafter, plaintiff received two checks covering his work loss through July 7, 1982.

A rebuttable presumption of undue delay arises when benefits are not paid within thirty days after the insurer receives reasonable proof of loss. MCL 500.3142(2); MSA 24.13142(2). The remedy for an insurer's bad faith refusal to perform the no-fault insurance contract is limited to recovery of attorney fees and interest. *Butt v DAIIE,* 129 Mich App 211; 341 NW2d 474 (1983).

Here, defendants offered no explanation to the trial court for the delay in payment for plaintiff's work loss between November, 1981, and July 7, 1982, although they did not dispute plaintiff's entitlement to those benefits. Nor did defendants contest below plaintiff's allegation that they refused to provide plaintiff with an application for benefits until April or May of 1982. We agree with the circuit court that the trial court did not clearly err in finding that defendants acted unreasonably.

Defendants also argue that the trial court erred in assessing interest pursuant to MCL 500.3142(3); MSA 24.13142(3). The statute provides for interest on overdue payments. The issue of interest was not presented to the jury and we reject defendants' suggestion that the jury here concluded that payments were not overdue. Nor did defendants argue below that plaintiff did not submit reasonable proof of his claim.

Defendants' contention that they acted reasonably and in good faith is not relevant under the interest provision in § 3142. *Joiner,* 161 Mich App 292. Although defendants had the right to contest payment of no-fault benefits to plaintiff, in doing so they took the risk that they "would be ultimately liable for no-fault benefits plus interest." *Joiner,* 161 Mich App 294.

Finally, defendants argue that the trial court erred by dismissing as untimely their delayed motion for new trial or judgment notwithstanding the verdict. Defendants admit that their motion was untimely and we agree with the circuit court that nothing in the record suggests that the trial court abused its discretion. In any event, since both the circuit court and this Court have considered each of defendants' issues on appeal, this claim is moot.

Affirmed.