Per Curiam.
 

 This is a no-fault insurance case. Defendant insurer appeals as of right from a $73,662.63 juiy verdict in plaintiffs favor, arguing that the trial court should have granted its motion to dismiss for lack of jurisdiction under MCR 2.116(C)(4). We affirm.
 

 Plaintiff was injured in an automobile accident while driving her own vehicle during the course of her employment. She filed both a claim with the Bureau of Worker’s Disability Compensation and a lawsuit against defendant, her no-fault insurance carrier.
 
 [1]
 
 Defendant’s only argument on appeal is that the pendency of the claim before the worker’s compensation bureau deprived the trial court of jurisdiction to decide whether plaintiff’s injuries arose out of the work-related automobile accident. We disagree.
 

 Whether the trial court had subject-matter jurisdiction is a question of law that we review de novo.
 
 Bruwer v Oaks (On Remand),
 
 218 Mich App 392, 395; 554 NW2d 345 (1996).
 

 “The Worker’s Disability Compensation Act (wdca) [MCL 418.101
 
 et
 
 seq.; MSA 17.237(101)
 
 et seq.]
 
 and the no-fault insurance act [MCL 500.3101
 
 et seq.)
 
 MSA 24.13101
 
 et seq.]
 
 are complete and self-contained legislative schemes addressing discrete problems. Neither act refers expressly to the other.”
 
 Mathis v Interstate Motor Freight System,
 
 408 Mich 164, 179; 289 NW2d 708 (1980). “The wdca provides a substi
 
 *295
 
 tute for common-law tort liability founded upon an employer’s negligence . . .
 
 Id.
 
 On the other hand, “[t]he no-fault act provides a substitute for common-law tort liability based upon the ownership or operation of a motor vehicle.”
 
 Id.
 
 Thus, when an employee such as the present plaintiff is injured in a motor vehicle accident during the course of employment, entitlement to compensation for injuries is governed by both the wdca and the no-fault act. See
 
 id.
 
 at 183; see also
 
 Great American Ins Co v Queen,
 
 410 Mich 73, 86; 300 NW2d 895 (1980).
 

 Under the no-fault act, an insurer “is liable to pay benefits for accidental bodily injury arising out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle . . . .” MCL 500.3105(1); MSA 24.13105(1). These benefits include medical expenses, work-loss benefits, replacement services, and death benefits. MCL 500.3107; MSA 24.13107. The injured employee is entitled to similar benefits under the WDCA. See, e.g., MCL 418.315(1); MSA 17.237(315)(1), MCL 418.319; MSA 17.237(319), MCL 418.321; MSA 17.237(321), MCL 418.351; MSA 17.237(351), MCL 418.361; MSA 17.237(361), MCL 418.371; MSA 17.237(371). Therefore, it is well settled that when an employee is injured in a motor vehicle accident during the course of employment, the no-fault carrier is entitled to a setoff or reimbursement in the amount of the worker’s compensation benefits that were or will be paid for the same injuries. See MCL 500.3109(1); MSA 24.13109(1); see also
 
 Great American, supra
 
 at 86;
 
 Mathis, supra
 
 at 186-187;
 
 Booth v Auto-Owners Ins Co,
 
 224 Mich App 724, 731; 569 NW2d 903 (1997);
 
 Conway v Continental Ins Co,
 
 180 Mich App 447, 449-450; 447 NW2d 761 (1989).
 

 
 *296
 
 Where, as here, a claim for worker’s compensation benefits is still pending when the no-fault carrier is sued for benefits, the no-fault carrier will be unable to prove its entitlement to a setoff.
 
 Id.
 
 at 450. “Indeed, [except with regard to payments already made,] a setoff cannot be made until the amount of workers’ compensation benefits to which plaintiff is entitled is finally determined.”
 
 Id.
 
 Nevertheless, the no-fault carrier is not entitled to delay payments in order to wait for the bureau’s determination.
 
 Id.; Canned v Riverside Ins Co,
 
 147 Mich App 699, 706; 383 NW2d 89 (1985). Rather, this Court has held that the no-fault carrier is entitled to “intervene” and “actively participate” in the worker’s compensation proceeding in order to protect its “reimbursement interest.”
 
 Russed v Welcor, Inc,
 
 157 Mich App 351, 354-356; 403 NW2d 133 (1987) (relying on MCL 418.847; MSA 17.237[847]); see also
 
 McCain v Auto-Owners Ins Co (On Rehearing),
 
 223 Mich App 327, 330; 566 NW2d 629 (1997);
 
 Allstate Ins Co v Sentry Ins Co of Michigan,
 
 175 Mich App 157, 161; 437 NW2d 338 (1989).
 

 It is true that our Supreme Court has stated that “ ‘[ijssues concerning injuries and whether they grew “out of and in the course of the employment relationship” are to be exclusively within the purview of the work[er]’s compensation [bureau], and the merits of such a claim are to be first evaluated by the [bureau].’ ”
 
 Szydlowski v General Motors Corp,
 
 397 Mich 356, 359; 245 NW2d 26 (1976), quoting
 
 Herman v Theis,
 
 10 Mich App 684, 689; 160 NW2d 365 (1968); see also MCL 418.841(1); MSA 17.237(841)(1). More recently however, the Court has acknowledged that, taken literally, the rule lends itself to an overbroad interpretation and that, “[p]roperly stated, the
 
 *297
 

 Szydlowski
 
 principle is that the bureau has exclusive jurisdiction to decide whether injuries suffered by an employee were [sustained] in the course of employment.”
 
 [2]
 

 Sewell v Clearing Machine Corp,
 
 419 Mich 56, 62; 347 NW2d 447 (1984). “The courts, however, retain the power to decide” other related issues such as the existence of an employment relationship.
 
 Id.; Integral Ins Co v Maersk Container Service Co, Inc,
 
 206 Mich App 325, 330; 520 NW2d 656 (1994); see also
 
 Conway, supra
 
 at 449-450 (in an action for no-fault benefits, the no-fault carrier has the burden of proving its entitlement to a setoff).
 

 Defendant’s reliance on
 
 St Paul Fire & Marine Ins Co v Littky,
 
 60 Mich App 375; 230 NW2d 440 (1975), is misplaced. In
 
 St Paul,
 
 a worker’s compensation carrier sued for a declaratory judgment concerning its liability to its insured/employer.
 
 Id.
 
 at 376. The issue was whether the injured employee, who allegedly had been practicing law without a license, was covered by the worker’s compensation policy, given its exclusion of coverage of persons employed in violation of the law.
 
 Id.
 
 Thus unlike in the present case, the issue before the court was the scope and meaning of the worker’s compensation policy.
 
 Id.
 
 at 376-379. We also note that
 
 St Paul
 
 was decided before
 
 Sewell
 
 clarified the
 
 Szydlowski/Herman
 
 rule and may not have survived that decision. See
 
 Sewell, supra
 
 at 62.
 

 Similarly, in
 
 Michigan Property & Casualty Guaranty Ass’n v Checker Cab Co,
 
 138 Mich App 180, 182;
 
 *298
 
 360 NW2d 168 (1984), the successor of the defendant employer’s bankrupt worker’s compensation carrier sued for a determination whether the injured employee was covered by its policy. In light of
 
 Sewell
 
 and other cases, this Court noted that the “circuit court has jurisdiction to determine rights arising out of an entirely different relationship and in an entirely different type of proceeding in which the employer-employee relationship is only incidentally involved.”
 
 Id.
 
 at 183 (dicta). The court nevertheless agreed that “the underlying question is whether claimant [employee] is entitled to workers’ compensation benefits,” and thus concluded that the action was within the bureau’s exclusive jurisdiction.
 
 Id.
 
 at 183.
 

 In the present case, by contrast, a determination whether the accident occurred during the course of plaintiff’s employment was both unnecessary and irrelevant to the question of her entitlement to no-fault benefits. There was also no need to examine or interpret the terms of the worker’s compensation policy issued to plaintiff’s employer. Rather, defendant’s liability depended only on whether plaintiff was injured during the course of an accident covered by the no-fault policy that she purchased from defendant.
 

 We therefore find that whether defendant was liable to plaintiff for no-fault benefits was clearly an issue over which the circuit court had jurisdiction. See
 
 Sewell, supra
 
 at 62. Plaintiff’s employment relationship was, at best, only tangentially involved.
 
 Checker, supra
 
 at 183. Thus, the trial court correctly refused to dismiss plaintiff’s action for lack of subject-matter jurisdiction.
 

 Affirmed.
 

 [1]
 

 Plaintiff received no-fault benefits until about September 1993 and worker’s compensation benefits until about March 1994 This case concerns medical expenses, work-loss benefits, and replacement services incurred after those dates.
 

 [2]
 

 Our Supreme Court has recently agreed to decide the issue whether courts are bound by the bureau’s determination concerning whether an employment relationship exists. See
 
 State Farm, Mut Automobile Ins Co v Roe (On Rehearing),
 
 226 Mich App 258, 270; 573 NW2d 628 (1997), lv gtd 459 Mich 878 (1998).