HARRIS v VERNIER

Docket No. 208750. Submitted December 7, 1999, at Detroit. Decided
August 22, 2000, at 9:20 A.M.

Alice Harris brought an action in the Wayne Circuit Court against
John D. Vernier, alleging and seeking damages for injuries sus-
tained when the plaintiff's automobile and the defendant's automo-
bile collided in the parking lot of their employer as both were leav-
ing at the end of their work shift. The court, Timothy M. Kenny, J.,
summarily dismissed the plaintiff's claim of serious impairment of
body function under the no-fault act, MCL 500.3135(1); MSA
24.13135(1), ruling that it lacked subject-matter jurisdiction be-
cause worker's compensation, of which the worker's compensation
bureau has exclusive jurisdiction, is the exclusive remedy for work-
related injury caused by the negligence of a coemployee. In grant-
ing the motion for summary disposition, the court rejected the
plaintiff's argument that the defendant waived the issue of worker's
compensation as the exclusive remedy by not raising it as an
affirmative defense in his answer to the complaint. The plaintiff
appealed.

The Court of Appeals held:

The trial court properly dismissed the action for lack of subject-
matter jurisdiction. The defendant's assertion of the exclusive rem-
edy provision of the worker's compensation act was a defense
based on lack of subject-matter jurisdiction. The defense of lack of
subject-matter jurisdiction is not subject to waiver for a party's fail-
ure to assert the defense in a responsive pleading. MCR
2.111(F)(2).

Affirmed.

SMOLENSKI, P.J. dissenting, stated that the exclusive remedy provi-
sion of the worker's compensation act, when raised in defense of
an action for personal injury sustained in an automobile accident,
is properly asserted as an affirmative defense, not as a defense
based on the court's lack of subject-matter jurisdiction. An
employee who sustains injury in the course of employment and as
a result of an automobile accident may seek recovery under both
the worker's compensation act and the no-fault act, with any recov-
ery under the latter being subject to a worker's compensation

insurer's lien. The exclusive remedy provision of the worker's compensation act does not divest a trial court of jurisdiction over a plaintiff employee's claims under the no-fault act. Because the exclusive remedy provision does not divest the court of jurisdiction in all cases of the class or type of this plaintiff's action, it is properly considered as an affirmative defense, which the defendant waived when he failed to raise it in a responsive pleading. The trial court's grant of summary disposition in favor of the defendant should be reversed and the matter should be remanded to the trial court for further proceedings.

NEGLIGENCE — PERSONAL INJURY — ACTIONS AGAINST COEMPLOYEES — WORKER'S COMPENSATION.

Worker's compensation is the exclusive remedy for work-related injury caused by the negligence of a coemployee; the assertion in a negligence action—including actions under the no-fault act for death, serious impairment of body function, or permanent serious disfigurement—that worker's compensation is the exclusive remedy for injury to an employee caused by a coemployee is a defense based on lack of jurisdiction by the trial court and is not waived by the failure to raise the issue as an affirmative defense in a responsive pleading (MCL 418.131, 500.3135[1]; MSA 17.237[131], 24.13135[1]; MCR 2.111[F][2]).

*Dib and Fagan, P.C.* (by *Cara L. Cunningham*), for the plaintiff.

*Vandeveer Garzia, P.C.* (by *Hal O. Carroll, James A. Sullivan,* and *Laurie S. Raab*), for the defendant.

Before: SMOLENSKI, P.J., and WHITBECK and ZAHRA, JJ.

ZAHRA, J. Plaintiff appeals as of right from the trial court's order granting summary disposition for defendant pursuant to MCR 2.116(C)(4) (lack of subject-matter jurisdiction) and dismissing plaintiff's third-party no-fault claim. We affirm.

The essential facts are not in dispute. In the early morning of September 22, 1995, the parties were driving separate vehicles when they were involved in a collision in the parking lot of a Ford Motor Company plant. Plaintiff and defendant were employees of

Ford, both having finished their shifts at the plant just before the collision. Plaintiff brought suit, alleging defendant's negligence in operating his vehicle caused her serious impairment of body function. See MCL 500.3135(1); MSA 24.13135(1).[1] Defendant brought his first motion for summary disposition pursuant to MCR 2.116(C)(10), arguing any injury is compensable only under the Worker's Disability Compensation Act (WDCA), MCL 418.101 et seq.; MSA 17.237(101) et seq., because the parties were employees present on their employer's premises when the collision occurred. As such, defendant argued, plaintiff's suit is barred by the exclusive remedy provision of the WDCA, MCL 418.131; MSA 17.237(131). Plaintiff argued, in response, that defendant had failed to assert the affirmative defense of "immunity granted by law" under MCR 2.111(F)(3)(a) or (b) in his first responsive pleading and, thus, pursuant to MCR 2.111(F)(2), waived any defense based on the exclusive remedy provision of the WDCA. The trial court initially agreed that defendant's assertion of the exclusive remedy provision constituted an affirmative defense and ruled that defendant waived the defense when he failed to raise it in his answer to plaintiff's complaint or through amendment. The trial court also denied defendant's request to amend his answer to include a WDCA defense given the late stage of the proceedings. Thereafter, defendant brought a motion for reconsideration and a second motion for summary disposition pursuant to MCR 2.116(C)(4), arguing the trial court

---

[1] That section provides: "A person remains subject to tort liability for noneconomic loss caused by his or her ownership, maintenance, or use of a motor vehicle only if the injured person has suffered death, serious impairment of body function, or permanent serious disfigurement."

lacks subject-matter jurisdiction over plaintiff's claim. Defendant asserted that the suit should be character- ized as a workplace injury claim that falls within the exclusive jurisdiction of the Bureau of Worker's Com- pensation. Plaintiff argued, in response, that the case involves a personal injury claim arising from an auto- mobile accident over which the trial court has sub- ject-matter jurisdiction. The trial court reversed its prior ruling and granted summary disposition for defendant, ruling that the Bureau of Worker's Com- pensation has exclusive subject-matter jurisdiction over plaintiff's claim.

On appeal, plaintiff argues that the trial court erred in concluding that the exclusive remedy provision of the WDCA, when asserted as a defense to a third-party no-fault claim brought in the circuit court, constitutes a challenge to the court's subject-matter jurisdiction over the claim. Plaintiff claims that defendant's asser- tion of the exclusive remedy provision is more prop- erly characterized as a waivable affirmative defense based on immunity granted by law. We review a trial court's decision on a motion for summary disposition based on MCR 2.116(C)(4) de novo to determine if the moving party was entitled to judgment as a matter of law, or if affidavits or other proofs demonstrate there is an issue of material fact. MCR 2.116(I)(1); *Herbolsheimer v SMS Holding Co, Inc*, 239 Mich App 236, 240; 608 NW2d 487 (2000). Further, whether a trial court had subject-matter jurisdiction over a claim is a question of law that is reviewed de novo. *Specht v Citizens Ins Co of America*, 234 Mich App 292, 294; 593 NW2d 670 (1999).

The exclusive remedy provision of the WDCA includes, in pertinent part:

(1) The right to the recovery of benefits as provided in this act shall be the employee's exclusive remedy against the employer for a personal injury or occupational disease. The only exception to this exclusive remedy is an intentional tort. [MCL 418.131(1); MSA 17.237(131)(1).]

The underlying rationale for limiting an employee's remedies is as follows:

Under the WDCA, employers provide compensation to employees for injuries suffered in the course of employment, regardless of fault. "In return for this almost automatic liability, employees are limited in the amount of compensation they may collect from their employer, and, except in limited circumstances, may not bring a tort action against the employer." [*Herbolsheimer*, *supra* at 240 (citations omitted).]

The exclusive remedy provision limits an employee's recovery when the employee "receives a personal injury arising out of and in the course of employment by an employer who is subject to this act at the time of the injury." MCL 418.301(1); MSA 17.237(301)(1).[2] It is well settled that the exclusive remedy provision applies when an employee is injured by the negligent acts of his employer or by the negligent acts of a coemployee. *Berger v Mead*, 127 Mich App 209, 213-214; 338 NW2d 919 (1983), citing *Holody v Detroit*, 117 Mich App 76, 80-82; 323 NW2d 599 (1982), and *Dixon v Sype*, 92 Mich App 144, 148; 284 NW2d 514 (1979); see *Farrell v Dearborn Mfg Co*, 416 Mich 267, 275-278; 330 NW2d 397 (1982).

---

[2] While we recognize that the WDCA is generally viewed as a substitute for common-law tort actions and this case may be distinguished because it involves a statutory cause of action under Michigan's no-fault laws, we note that the WDCA merely refers to personal injuries arising out of and in the course of employment, not common-law causes of action.

In the present case, plaintiff contends defendant waived the defense that plaintiff's automobile negligence claim is barred by the exclusive remedy provision of the WDCA because he failed to raise it as an affirmative defense. MCR 2.111(F) provides, in part:

(F) Defenses; Requirement That Defense Be Pleaded.

\* \* \*

(2) Defenses Must Be Pleaded; Exceptions. A party against whom a cause of action has been asserted by complaint, cross-claim, counterclaim, or third-party claim must assert in a responsive pleading the defenses the party has against the claim. A defense not asserted in the responsive pleading or by motion as provided by these rules is waived, except for the defenses of lack of jurisdiction over the subject matter of the action, and failure to state a claim on which relief can be granted.

\* \* \*

(3) Affirmative Defenses. Affirmative defenses must be stated in a party's responsive pleading, either as originally filed or as amended in accordance with MCR 2.118. Under a separate and distinct heading, a party must state the facts constituting

(a) an affirmative defense, such as contributory negligence; the existence of an agreement to arbitrate; assumption of risk; payment; release; satisfaction; discharge; license; fraud; duress; estoppel; statute of frauds; statute of limitations; immunity granted by law; want or failure of consideration; or that an instrument or transaction is void, voidable, or cannot be recovered on by reason of statute or nondelivery;

(b) a defense that by reason of other affirmative matter seeks to avoid the legal effect of or defeat the claim of the opposing party, in whole or in part;

(c) a ground of defense that, if not raised in the pleading, would be likely to take the adverse party by surprise.

A party that fails to raise an affirmative defense as required by MCR 2.111(F) waives the defense. *Travelers Ins Co v Detroit Edison Co*, 237 Mich App 485, 494-495; 603 NW2d 317 (1999).

Michigan courts have failed to address specifically the issue whether a party's assertion of the exclusive remedy provision of the WDCA constitutes a challenge to a court's power to decide a claim in light of the Bureau of Worker's Compensation exclusive subject-matter jurisdiction over worker's compensation claims or whether the defense is more properly characterized as a grant of immunity or other type of waivable affirmative defense. We conclude that defendant did not waive any defense based on the exclusive remedy provision when he did not raise it in his responsive pleading. We hold that a party's assertion of the exclusive remedy provision of the WDCA is a direct challenge to the trial court's subject-matter jurisdiction, not within the scope of the waiver rule in MCR 2.111(F).

As previously stated, the exclusive remedy provision limits an employee's right to recover against his employer or a coemployee for a personal injury arising out of the course of his employment to the benefits available under the WDCA. MCL 418.131; MSA 17.237(131), MCL 418.301; MSA 17.237(301). Significantly, MCL 418.841(1); MSA 17.237(841)(1) confers exclusive jurisdiction of claims under the WDCA on the Bureau of Worker's Compensation.[3] Because the

---

[3] MCL 418.841(1); MSA 17.237(841)(1) provides:

Any dispute or controversy concerning compensation or other benefits shall be submitted to the bureau and all questions arising under this act shall be determined by the bureau or a worker's compensation magistrate, as applicable. The director may be an

Bureau of Worker's Compensation is granted exclusive jurisdiction over the only remedy available as a result of the exclusive remedy provision, we hold that a party's assertion of the exclusive remedy provision as a defense to a claim necessarily constitutes a challenge to the trial court's subject-matter jurisdiction over the claim. There are numerous opinions that analyze whether a trial court had subject-matter jurisdiction over a claim in light of a defendant's assertion of a defense based on the exclusive remedy provision. See *Adams v Nat'l Bank of Detroit*, 444 Mich 329, 370, 383; 508 NW2d 464 (1993) (BRICKLEY, J.); *Herbolsheimer, supra; James v Commercial Carriers, Inc*, 230 Mich App 533, 536; 583 NW2d 913 (1998); *Winters v Dalton*, 207 Mich App 76, 78-79; 523 NW2d 636 (1994); *Schefsky v Evening News Ass'n*, 169 Mich App 223, 225-226, 228; 425 NW2d 768 (1988). Indeed, this Court has stated, "We review questions regarding the exclusive remedy provision of the WDCA pursuant to MCR 2.116(C)(4) to determine whether the circuit court lacked subject-matter jurisdiction because the plaintiff's claim was barred by the provision." *Herbolsheimer, supra* at 240, citing *James, supra*, and *Bitar v Wakim*, 211 Mich App 617, 619; 536 NW2d 583 (1995), rev'd on other grounds 456 Mich 428; 572 NW2d 191 (1998); see *Winters, supra.*

We are mindful of prior cases that have made reference to the exclusive remedy provision of the WDCA as an "affirmative defense" or "immunity." See *Kidder v Miller-Davis Co*, 455 Mich 25, 54-55; 564 NW2d 872 (1997) (KELLY, J., dissenting); *Benson v Dep't of Mgt &*

interested party in all worker's compensation cases in questions of law.

*Budget,* 168 Mich App 302, 304; 424 NW2d 40 (1988); *Berger, supra* at 217; *Drewes v Grand Valley State Colleges,* 106 Mich App 776, 784; 308 NW2d 642 (1981). However, those cases are inapposite to the present issue. Those cases did not squarely determine whether a party's assertion of the exclusive remedy provision of the WDCA constitutes a challenge to the trial court's subject-matter jurisdiction over a claim or constitutes an affirmative defense to the claim. We do not find the loose references within those cases to the terms "affirmative defense" and "immunity" controlling of the present issue.

Furthermore, we do not deny that the exclusive remedy provision, by generally barring any recovery other than that which is provided under the WDCA, may be viewed as providing "immunity" from suit. The term "immunity" is generally defined to mean "exception from obligation, service, duty, liability, or prosecution." *Random House Webster's College Dictionary* (1997). A party could elect to assert the provision as an "affirmative defense" in its responsive pleading. An affirmative defense being a defense that does not challenge the factual merits of a plaintiff's prima facie case, but which otherwise denies relief. *Stanke v State Farm Mut Automobile Ins Co,* 200 Mich App 307, 312; 503 NW2d 758 (1993). Therefore, we recognize that, if timely asserted under MCR 2.111(F), the exclusive remedy provision may serve as a valid affirmative defense to a claim in conjunction with a motion for summary disposition pursuant to MCR 2.116(C)(7). However, because a defense based on the exclusive remedy provision most specifically challenges whether a circuit court has the power to resolve a claim, we conclude that the defense is juris-

dictional and need not be asserted in a responsive pleading to avoid waiver. MCR 2.111(F)(2).

In reaching that conclusion, we draw guidance from the interpretation of worker's compensation laws from other jurisdictions. Most jurisdictions have not squarely addressed the issue. However, the majority of those that have treat a party's assertion of the exclusive remedy provision as a challenge to a trial court's subject-matter jurisdiction. In *Walters v Modern Aluminum*, 699 NE2d 671, 673 (Ind App, 1998), the court held, "to assert the exclusive remedies provision as a defense is to attack the trial court's subject matter jurisdiction." See also *Wine-Settergren v Lamey*, 716 NE2d 381, 385 (Ind, 1999); *Wilson v Unistrut Service Co of St Louis, Inc*, 858 SW2d 729, 730 (Mo App, 1993); *Bonner v Minico, Inc*, 159 Ariz 246, 249; 766 P2d 598 (1988); *Messner v Briggs & Stratton Corp*, 120 Wis 2d 127, 139; 353 NW2d 363 (1984); but see *Gordon v NKC Hosps, Inc*, 887 SW2d 360, 363 (Ky, 1994); *Ammons v Hood*, 288 SC 278, 281; 341 SE2d 816 (1986); *Turner Constr Co v Hebner*, 276 Pa Super 341, 345-348; 419 A2d 488 (1980). Moreover, in *Lanpont v Savas Cab Corp, Inc*, 244 AD2d 208, 211; 664 NYS2d 285 (1997), quoting *Murray v New York*, 43 NY2d 400, 407; 401 NYS2d 773; 372 NE2d 560 (1977), the court held that a defense based on the exclusive remedy provision of the worker's compensation act is not waived unless a defendant ignores the issue "to the point of final disposition itself." See also *Lunsford v Schaffner*, 184 AD2d 625, 625-626; 584 NYS2d 909 (1992); *McGowan v Warwick Corp*, 691 So 2d 265, 266 (La App, 1997); *Total Oilfield Services, Inc v Garcia*, 711 SW2d 237, 238 (Tex, 1986).

We note that defendant failed to raise his defense based on the exclusive remedy provision of the WDCA until more than 1½ years after the filing of plaintiff's complaint. We consider such an assertion of the defense dilatory under the circumstances. We also note, however, that Michigan has long recognized that actions for injuries incurred as a result of a coemployee's negligence and arising out of the scope of employment are barred by the exclusive remedy provision of the WDCA. *Berger*, *supra* at 213-214; *Dixon*, *supra*. Moreover, a defense of lack of subject-matter jurisdiction may be raised at any time. MCR 2.116(D)(3); *Winters*, *supra*; see MCR 2.111(F)(2). Subject-matter jurisdiction cannot be granted by implied or express stipulation of the litigants. *Winters*, *supra* at 79. Likewise, a defense of lack of subject-matter jurisdiction cannot be waived by a litigant. *Id.* Consequently, defendant did not waive his defense based on the exclusive remedy provision when he failed to include it in his answer to plaintiff's complaint or by way of amendment.

Given our decision that the assertion of the exclusive remedy provision constitutes a defense of lack of subject-matter jurisdiction, we turn to the question whether the trial court properly dismissed plaintiff's claim under the no-fault act, MCL 500.3101 *et seq.*; MSA 24.13101 *et seq.*, for lack of subject-matter jurisdiction. Plaintiff contends that his no-fault claim should be viewed as a personal injury claim, over which the circuit court has jurisdiction.[4]

---

[4] Generally, circuit courts have jurisdiction over all civil claims. MCL 600.605; MSA 27A.605 provides:

A trial court is not automatically divested of jurisdiction over a no-fault claim under the exclusive remedy provision by virtue of the fact that a plaintiff was injured during the course of his employment. See *Great American Ins Co v Queen*, 410 Mich 73, 89-91; 300 NW2d 895 (1980); *Mathis v Interstate Motor Freight System*, 408 Mich 164, 179, 183; 289 NW2d 708 (1980); *Specht, supra* at 295. This Court has held that, when an employee is injured in a motor vehicle accident during the course of his employment, entitlement to compensation for injuries is governed by the no-fault act and the WDCA. *Id.* In *Specht, supra,* this Court recognized that the no-fault act and the WDCA exist independently of one another:

> "The Worker's Disability Compensation Act (WDCA) [MCL 418.101 *et seq.*; MSA 17.237(101) *et seq.*] and the no-fault insurance act [MCL 500.3101 *et seq.*; MSA 24.13101 *et seq.*] are complete and self-contained legislative schemes addressing discrete problems. Neither act refers expressly to the other." *Mathis v Interstate Motor Freight System*, 408 Mich 164, 179; 289 NW2d 708 (1980). "The WDCA provides a substitute for common-law tort liability founded upon an employer's negligence . . . ." *Id.* On the other hand, "[t]he no-fault act provides a substitute for common-law tort liability based upon the ownership or operation of a motor vehicle." *Id.* [*Specht, supra* at 294-295.]

See *Herbolsheimer, supra* at 240, quoting *Mathis, supra* at 179, and citing *Clark v United Technologies Automotive, Inc*, 459 Mich 681, 686; 594 NW2d 447

---

Circuit courts have original jurisdiction to hear and determine all civil claims and remedies, except where exclusive jurisdiction is given in the constitution or by statute to some other court or where the circuit courts are denied jurisdiction by the constitution or statutes of this state. [See also Const 1963, art 6, § 13.]

(1999). *Mathis* consolidated four cases, each of which involved claims for no-fault benefits against employers' no-fault insurers[5] for injuries that arose out of the course of the employees' employment. *Mathis, supra* at 176-178. In that case, our Supreme Court held that an employee injured in the course of his employment while occupying a motor vehicle owned by his employer is entitled to collect no-fault benefits from his employer's no-fault insurer and is not limited to worker's compensation benefits as his sole remedy. *Id.* at 183. In *Great American, supra,* the Supreme Court allowed an employee who was injured by a third party who was not his employer or coemployee to recover no-fault benefits from his employer's no-fault insurer, with a setoff for worker's compensation benefits received by the employee. *Great American,*

---

[5] It is relevant to note that, although plaintiff Mathis actually brought suit against his employer, the suit was filed against the employer in its capacity as a self-insurer under the no-fault act. *Mathis, supra* at 176, 183. Our Legislature created the category of self-insurers, MCL 257.531; MSA 9.2231, presumably with the foresight that a self-insurer may also be an employer. *Mathis* makes clear that, in cases where an employer that is also a self-insurer under the no-fault act asserts a defense based on the exclusive remedy provision of the WDCA, that party is to be considered an insurer for purposes of analyzing the plaintiff's claim. In that case, the Court clearly relied on the defendant employer's status as a self-insurer in reasoning that the plaintiff's no-fault claim was not barred by the exclusive remedy provision of the WDCA. The Court stated that "[a]ny liability to pay no-fault benefits is based on the status of being an insurer under the no-fault act" and concluded: "No conditions of liability under the WDCA exist affecting the employer as a self-insurer under the no-fault act. Accordingly, we find no reason to apply the exclusive remedy provisions of the WDCA to bar the employee's cause of action." *Id.* at 184; see also *Herbolsheimer, supra* at 243-246 (discussing the judicially created "dual-persona doctrine" exception to the WDCA, which provides the basis for a plaintiff employee to bring a tort suit in addition to a claim for worker's compensation benefits when "the employer has a second identity which is completely distinct and removed from his status as employer." *Id.* at 245, citing *Howard v White,* 447 Mich 395, 399-400; 523 NW2d 220 [1994], and *Wells v Firestone Tire & Rubber Co,* 421 Mich 641, 653; 364 NW2d 670 [1984]).

*supra* at 89-91. *Specht* involved a plaintiff employee's suit for no-fault benefits against his own no-fault insurer. *Specht, supra* at 294.

Significantly however, no case has allowed a plaintiff employee to recover no-fault benefits against a coemployee or an employer not acting as a no-fault self-insurer [6] for personal injury suffered during the course of employment. In fact, the Supreme Court qualified its holding in *Great American, supra,* to exclude such circumstances, stating, "An employee's common-law right to proceed in tort against persons *other than his employer or co-workers* was not altered by the worker's compensation act." *Id.* at 89 (emphasis added). The dissent's reliance on *Great American, supra, Mathis, supra,* and *Specht, supra,* is misplaced. There is a clear distinction between cases involving claims against coemployees or an employer, which are expressly barred by the exclusive remedy provision of the WDCA, and cases against non-coemployee third parties or insurers. As noted in the dissent, subject-matter jurisdiction is a court's right to exercise judicial power over a class of cases. See *Bowie v Arder,* 441 Mich 23, 39; 490 NW2d 568 (1992), quoting *Joy v Two-Bit Corp,* 287 Mich 244, 253-254; 283 NW 45 (1938). Subject-matter jurisdiction concerns a court's abstract power to try a case of the kind or character of the one pending and is not dependent on the particular facts of a case. *Id.* It is fundamental that the classes of cases over which the circuit courts have subject-matter jurisdiction are defined by this state's constitution and Legislature.

---

[6] See n 5, *supra* (discussing *Mathis, supra,* in which the plaintiff sued his employer in the employer's capacity as a self-insurer under the no-fault act).

See MCL 600.605; MSA 27A.605. By enacting the exclusive remedy provision of the WDCA, the Legislature clearly and unambiguously limited an employee's right to recover against his employer for injury arising out of the course of his employment to the benefits available under the WDCA. MCL 418.131; MSA 17.237(131).[7] The Legislature also clearly provided that the Bureau of Worker's Compensation has exclusive jurisdiction over claims under the WDCA. MCL 418.841(1); MSA 17.237(841)(1). Therefore, by legislative mandate, circuit courts do not have power to decide cases involving a plaintiff employee suing a coemployee or his employer for injury arising out of the course of his employment. Our conclusion that a party's assertion of the exclusive remedy provision of the WDCA as a defense to a third-party no-fault claim constitutes a challenge to the circuit court's subject-matter jurisdiction is properly based on the legislatively defined class of litigants, not the particular facts of this case.[8]

---

[7] As already discussed, it is well settled that the exclusive remedy provision applies equally to recovery against coemployees. *Berger, supra.*

[8] We note that our holding in this case is perfectly consistent with *Great American, supra, Mathis, supra,* and *Specht, supra,* and the subrogation provision of the WDCA, MCL 418.827(5); MSA 17.237(827)(5). *Great American, Mathis,* and *Specht* did not involve employees suing coemployees or any employer not acting as a self-insurer under the no-fault act, see n 6, *supra,* and, thus, did not implicate the exclusive remedy provision. Neither plaintiff nor the dissent has cited any case in which a circuit court has been allowed jurisdiction over a no-fault suit between a plaintiff employee and a coemployee or his employer not acting as a self-insurer under the no-fault act, see n 6, *supra,* on the basis of an injury that arises out of the course of the plaintiff-employee's employment. Moreover, an injured party's coemployees and employer are specifically excluded from the definition of the third parties from which a worker's compensation carrier may seek subrogation. See MCL 418.827(1) and (5); MSA 17.237(827)(1) and (5). Such an exclusion is consistent with the exclusive remedy provision's bar of suits against those parties.

Plaintiff's present claim against her coemployee defendant is squarely within the category of claims excluded under the plain language of the WDCA.[9] It is undisputed that plaintiff and defendant were both employees of Ford Motor Company and that the colli-

---

[9] We recognize the line of cases that hold that a trial court may have jurisdiction over a claim despite the application of the WDCA where the employer and employee relationship is "unrelated to the cause of action," see *Jones v General Motors Corp*, 136 Mich App 251, 254-255; 355 NW2d 646 (1984) (considering whether the plaintiff's husband's death was caused by strenuous manual labor in connection with his employment and, thus, was subject to the exclusive remedy provision of the WDCA), or merely "incidentally involved" in the cause of action, see *Specht, supra* at 298 (holding the circuit court had jurisdiction to determine whether the defendant insurer was liable to the plaintiff who was injured while driving her own automobile during the course of her employment where the plaintiff's "employment relationship was, at best, only tangentially involved"); *Fletcher v Harafajee*, 100 Mich App 440, 443; 299 NW2d 53 (1980) (holding that the plaintiff city of Flint police officer who received treatment from city of Flint medical personnel after being injured while on duty could sue the personnel despite the parties' status as coemployees because the parties' employment relationship was only incidentally related to the plaintiff's medical malpractice claim); *Peoples v Chrysler Corp*, 98 Mich App 277, 281-284; 296 NW2d 237 (1980) (holding that the plaintiff employee's tort action against the defendant employer was barred by the exclusive remedy provision of the WDCA because the employee/employer relationship was not entirely unrelated or only incidentally involved in the plaintiff's claim for injuries he suffered while operating the defendant's machine); *Neal v Roura Iron Workers, Inc*, 66 Mich App 273, 277-278; 238 NW2d 837 (1975) (holding that the plaintiff employee's tort action against the defendant employer was barred by the exclusive remedy provision of the WDCA because the accident that resulted in the plaintiff's injuries could not have happened but for his employment with the defendant and, thus, the suit was not entirely unrelated or only incidentally related to the parties' employee/employer relationship); *Panagos v North Detroit General Hosp*, 35 Mich App 554, 558-559; 192 NW2d 542 (1971) (holding that the plaintiff hospital employee who suffered an injury to her mouth while eating in the defendant hospital's cafeteria could bring a common-law negligence claim because the employee/employer relationship was unrelated to the cause of action). Here, we cannot say the parties' relationship as coemployees is unrelated to plaintiff's cause of action or merely incidentally involved. Plaintiff alleges she suffered injury during the course of her employment as a result of the acts of a coemployee, which places her claim plainly within the purview of the WDCA.

sion giving rise to plaintiff's claim occurred on Ford premises, minutes after the parties finished their shifts. MCL 418.301(3); MSA 17.237(301)(3) provides, in part: "An employee going to or from his or her work, while on the premises where the employee's work is to be performed, and within a reasonable time before and after his or her working hours, is presumed to be in the course of his or her employment." See *Simkins v General Motors Corp (After Remand)*, 453 Mich 703, 712; 556 NW2d 839 (1996). Given that plaintiff's alleged injuries were caused by a coemployee and given that there is no issue of fact with respect to whether she suffered the injuries in the course of her employment, the exclusive remedy provision plainly limits plaintiff's recovery to benefits under the WDCA. See *Ladner v Vander Band*, 376 Mich 321, 323-325; 136 NW2d 916 (1965). In the absence of language within the no-fault act or the WDCA specifically stating that a no-fault claim is not excluded under the circumstances present in this case, we interpret the Legislature's plain use of the term "exclusive" in defining the remedy available where an employee is injured in the course of his employment by an employer or coemployee as barring plaintiff's no-fault claim.

Under the undisputed facts, plaintiff's claim is barred by the exclusive remedy provision of the WDCA. Accordingly, the trial court properly dismissed the claim for lack of subject-matter jurisdiction.[10]

Affirmed.

WHITBECK, J., concurred.

---

[10] Our holding does not bar plaintiff from seeking worker's compensation benefits from her employer.

SMOLENSKI, P.J. (*dissenting*). I respectfully dissent. I disagree with the majority's conclusion that the worker's compensation exclusive remedy provision, when asserted as a defense to a third-party no-fault claim brought in the circuit court, constitutes a defense challenging the circuit court's subject-matter jurisdiction. In this specific context, I conclude that the exclusive remedy provision is properly understood as an affirmative defense. Because defendant failed to raise the issue as an affirmative defense in his responsive pleading, the defense has been waived. Accordingly, I would reverse the trial court's grant of summary disposition in favor of defendant.

I

In this case, we are asked to decide whether the worker's compensation exclusive remedy provision should be considered as an affirmative defense or as an attack on the circuit court's subject-matter jurisdiction.[1] The majority concludes that the exclusive remedy provision automatically divests the circuit court of subject-matter jurisdiction over plaintiff's third-party no-fault claim because the provision grants the Bureau of Worker's Compensation exclusive jurisdiction over a plaintiff's claims for personal injuries arising out of and in the course of employment. Yet, it is clear from decisions of our Supreme Court that circuit courts have jurisdiction over a

---

[1] The majority correctly notes that numerous prior cases have characterized the exclusive remedy provision variously as an affirmative defense, as a type of immunity, and as a question of subject-matter jurisdiction. Because those cases simply assumed the character of the exclusive remedy defense, and did not squarely address the issue presently before us, they are not controlling.

plaintiff's no-fault claims, even when the plaintiff simultaneously pursues a claim for worker's compensation benefits for injuries arising out of the same motor vehicle accident. Therefore, it cannot logically be said that the exclusive remedy provision always divests the circuit court of subject-matter jurisdiction in this type of case.

In *Mathis v Interstate Motor Freight System*, 408 Mich 164, 174-175, 183; 289 NW2d 708 (1980), our Supreme Court held that an employee injured in a motor vehicle accident in the course of his employment is not limited to worker's compensation benefits as his sole remedy, but may also collect no-fault insurance benefits. The Court rejected the defendants' argument that the worker's compensation exclusive remedy provision barred the plaintiffs from pursuing actions for damages under the no-fault act, because "[t]he Worker's Disability Compensation Act (WDCA) and the no-fault insurance act are complete and self-contained legislative schemes addressing discrete problems." *Id.* at 179. Following *Mathis*, our Supreme Court decided *Great American Ins Co v Queen*, 410 Mich 73, 86; 300 NW2d 895 (1980), which likewise held that a plaintiff injured in a motor vehicle accident in the course of his employment may, in certain circumstances, bring *both* a personal injury claim in the circuit court *and* a claim for worker's compensation benefits under the WDCA:

> When an employee is injured in a motor vehicle accident in the course of his employment, his entitlement to compensation for his injuries, from all sources, is governed by the worker's compensation act *and* the no-fault act. His rights and entitlements under each act are affected by his

being injured under circumstances which make him subject
to the provisions of the other. [Emphasis in original.]

Logically, the worker's compensation exclusive
remedy provision can only divest the circuit court of
subject-matter jurisdiction over a plaintiff's claim if
the provision uniformly does so in all cases of the
same nature. If the provision merely defeats a plain-
tiff's claim in particular factual circumstances, then it
should be viewed as an affirmative defense, rather
than a defense attacking the circuit court's subject-
matter jurisdiction. Our Supreme Court has defined
subject-matter jurisdiction as

"the right of the court to exercise judicial power over that
class of cases; not the particular case before it, but rather
the abstract power to try a case of the kind or character of
the one pending; and not whether the particular case is one
that presents a cause of action, or under the particular facts
is triable before the court in which it is pending, because of
some inherent facts which exist and may be developed dur-
ing the trial." [*Bowie v Arder*, 441 Mich 23, 39; 490 NW2d
568 (1992), quoting *Joy v Two-Bit Corp*, 287 Mich 244, 253-
254; 283 NW 45 (1938).]

See also *Campbell v St John Hosp*, 434 Mich 608, 613-
614; 455 NW2d 695 (1990).

Admittedly, if the exclusive remedy provision had
been properly raised as a defense in this case, it
would bar plaintiff's claim because defendant was
plaintiff's coemployee at the time of the accident. "An
action against a coemployee for personal injuries is
barred if both employees were acting in the course of
their employment at the time the injury occurred."
*Schwartz v Golden*, 126 Mich App 790, 793; 338 NW2d
218 (1983). However, characterization of the exclu-
sive remedy provision as an affirmative defense or as

a jurisdictional matter cannot depend on the facts of any one particular case. The proper inquiry is whether the circuit court has the abstract power to entertain third-party no-fault claims brought by a plaintiff injured in a motor vehicle accident in the course of his employment. Given the decisions in *Mathis* and *Great American*, which provide that a plaintiff may simultaneously bring both a circuit court action for damages under the no-fault act and a claim for worker's compensation benefits, the exclusive remedy provision does not divest the circuit court of subject-matter jurisdiction over these types of claims.[2]

Additionally, a published opinion of this Court recently rejected the argument that the exclusive remedy provision deprives the circuit court of subject-matter jurisdiction over personal injury claims brought under the no-fault act. *Specht v Citizens Ins Co of America*, 234 Mich App 292; 593 NW2d 670 (1999). In *Specht*, the plaintiff suffered injuries while driving her personal automobile in the course of her employment. In addition to filing a worker's compensation claim, the plaintiff also filed a lawsuit in the circuit court against her no-fault insurer. The defendant's sole argument on appeal was that the circuit court lacked jurisdiction to decide the plaintiff's tort claim. This Court rejected that argument, holding that

---

[2] Although the majority concedes that "[a] trial court is not automatically divested of jurisdiction over a no-fault claim under the exclusive remedy provision by virtue of the fact that a plaintiff was injured during the course of his employment," *ante* at 317, the majority nevertheless concludes that the provision did strip the circuit court of subject-matter jurisdiction in this case. I respectfully submit that the circuit court either does or does not have subject-matter jurisdiction over injured employees' third-party no-fault claims. The circuit court's subject-matter jurisdiction cannot depend on the facts presented in individual cases.

the plaintiff's no-fault claim "was clearly an issue over which the circuit court had jurisdiction." *Id.* at 298. Under MCR 7.215(H)(1), we are bound to follow the rule established in *Specht* and should therefore reject the instant defendant's argument that the circuit court lacked subject-matter jurisdiction over plaintiff's no-fault claim.

The majority attempts to distinguish *Mathis, Great American,* and *Specht* from the instant case on the basis of the type of defendant named in those suits. The majority argues that those cases are inapposite because they involved defendants other than the plaintiff's employer or a coemployee. I respectfully disagree. It is true that none of the cited cases involved a defendant who was also the plaintiff's coemployee.[3] However, I disagree that the identity of the defendant sued determines whether the circuit court has subject-matter jurisdiction over the plaintiff's claim. In my opinion, the majority's focus on the "class of litigants" involved in this case, i.e., the fact that plaintiff sued a coemployee, reflects a determination that defendant enjoyed the benefit of a valid defense that, if properly raised, would have completely barred plaintiff's claim. However, a circuit court's subject-matter jurisdiction is not determined by "whether the particular case is one that presents a cause of action, or under the particular facts is triable before the court." *Bowie, supra* at 39.

---

[3] In *Mathis,* three plaintiffs sued their employers' no-fault insurers and one plaintiff sued his employer, which was a self-insured entity under the no-fault act. *Mathis, supra* at 176-178. In *Great American,* the plaintiff recovered benefits from his employer's no-fault insurer. *Great American, supra* at 88. In *Specht,* the plaintiff sued her private no-fault insurance carrier. *Specht, supra* at 294.

Finally, the majority's holding that the circuit court lacked subject-matter jurisdiction over plaintiff's third-party no-fault claim makes little sense in light of the subrogation provision of the WDCA, MCL 418.827(5); MSA 17.237(827)(5). That statutory section provides a worker's compensation carrier the right to assert a lien against any recovery attained by the injured worker in an action for personal injuries brought against a third party. *In re Worker's Compensation Lien*, 231 Mich App 556, 558-559; 591 NW2d 221 (1998).[4] This subrogation provision has been applied in tort actions brought under the no-fault act. *McCain v Auto-Owners Ins Co (On Rehearing)*, 223 Mich App 327, 332; 566 NW2d 629 (1997). If the worker's compensation exclusive remedy provision deprives the circuit court of subject-matter jurisdiction over injured workers' no-fault claims, then injured workers would be unable to recover no-fault benefits in circuit court actions, and worker's compensation carriers would never need to seek a lien against amounts recovered in such suits.

In this case, we are not called to decide whether a plaintiff should be able to sue his coemployee in tort for personal injuries arising out of and in the course of employment. Rather, we are asked to decide

---

[4] The majority correctly notes that an injured party's coemployees and employer are specifically excluded from the definition of the third parties from which a worker's compensation carrier may seek subrogation. MCL 418.827(1); MSA 17.237(827)(1). However, this exclusion does not affect the general observation that the Legislature intended *both* the WDCA and the no-fault act to apply in cases where a plaintiff suffers personal injuries in an automobile accident while in the course of employment. *Mathis, supra; Great American, supra.* As set forth above, the fact that a plaintiff may not have a viable cause· of action in a specific factual setting cannot determine whether the circuit court has subject-matter jurisdiction over a general class of cases.

whether the defense sought to be advanced by
defendant is properly characterized as an affirmative
defense or as an attack on the circuit court's subject-
matter jurisdiction. For the reasons set forth above, I
conclude that the exclusive remedy provision does
not deprive the circuit court of subject-matter juris-
diction over an injured employee's no-fault claim.

II

An affirmative defense is a defense that does not
controvert the establishment of the plaintiff's prima
facie case, but otherwise denies relief to the plaintiff.
*Chmielewski v Xermac, Inc*, 457 Mich 593, 617; 580
NW2d 817 (1998), quoting *Stanke v State Farm Mut
Automobile Ins Co*, 200 Mich App 307, 312; 503 NW2d
758 (1993). "[A]n affirmative defense includes any
defense that seeks to foreclose a plaintiff from con-
tinuing a civil action for reasons unrelated to the
plaintiff's prima facie case." *Kelly-Nevils v Detroit
Receiving Hosp*, 207 Mich App 410, 420; 526 NW2d 15
(1994). In this case, the exclusive remedy provision,
if applied, would bar plaintiff's third-party no-fault
claim for reasons completely unrelated to plaintiff's
prima facie case against defendant. Therefore, it
should be properly understood as an affirmative
defense to plaintiff's claim.

MCR 2.111(F) requires a party against whom a
cause of action has been asserted to state affirmative
defenses in the responsive pleading. That rule pro-
vides, in pertinent part:

> (3) Affirmative Defenses. Affirmative defenses must be
> stated in a party's responsive pleading, either as originally
> filed or as amended in accordance with MCR 2.118. Under a

separate and distinct heading, a party must state the facts constituting

(a) an affirmative defense, such as contributory negligence; the existence of an agreement to arbitrate; assumption of risk; payment; release; satisfaction; discharge; license; fraud; duress; estoppel; statute of frauds; statute of limitations; immunity granted by law; want or failure of consideration; or that an instrument or transaction is void, voidable, or cannot be recovered on by reason of statute or nondelivery;

(b) a defense that by reason of other affirmative matter seeks to avoid the legal effect of or defeat the claim of the opposing party, in whole or in part;

(c) a ground of defense that, if not raised in the pleading, would be likely to take the adverse party by surprise.

Although the worker's compensation exclusive remedy provision is not specifically listed within MCR 2.111(F)(3)(a), that does not preclude it from being considered an affirmative defense. The affirmative defenses enumerated in MCR 2.111(F)(3)(a) "were not intended to form a closed class, but were included by way of illustration only." *Campbell, supra* at 615. A party that fails to raise an affirmative defense as required by MCR 2.111(F) waives that defense. *Id.*; *Kelly-Nevils, supra* at 420. Because defendant failed to raise the worker's compensation exclusive remedy provision as an affirmative defense in his responsive · pleading, the defense has been waived.

I would reverse the trial court's grant of summary disposition in favor of defendant and would remand this matter to the trial court for further proceedings.