*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DEBORAH LYNN FOSTER,

               Plaintiff/Counterdefendant-Appellee,

UNPUBLISHED
July 30, 2020

v

RAY JAMES FOSTER,

               Defendant/Counterplaintiff-Appellant.

No. 324853
Dickinson Circuit Court
LC No. 07-015064-DM

ON SECOND REMAND

Before: MARKEY, P.J., and BORRELLO and RONAYNE KRAUSE, JJ.

PER CURIAM.

Our Supreme Court has again remanded this case to us to "address the effect of [its] holdings on defendant's ability to challenge the terms of the consent judgment." *Foster v Foster*, __ Mich __, __; __ NW2d __ (2020); slip op at 3. We reverse the trial court's order requiring defendant, under the offset provision in the consent judgment, to make payments to plaintiff to cover the reduction in his retirement pay.

The following introductory paragraphs of the Michigan Supreme Court's opinion provide a concise setup for our analysis:

> This case involves a dispute between former spouses who entered into a consent judgment of divorce (the consent judgment), which provided that defendant would pay plaintiff 50% of his military retirement benefits. Beyond that, the parties agreed that if defendant waived a portion of his military retirement benefits in order to receive military disability benefits, he would continue to pay plaintiff an amount equal to what she would have received had defendant not elected to receive such supplemental disability benefits. Defendant elected to increase his disability benefits when he applied for Combat-Related Special Compensation (CRSC), a form of military disability benefits, pursuant to 10 USC 1413a. He started receiving CRSC shortly after the divorce. As a result, defendant's retirement benefits decreased, which in turn decreased the share of the retirement benefits payable to

-1-

plaintiff. When defendant failed to reimburse plaintiff for the reduced payment she received in connection with defendant's lowered military retirement benefits, plaintiff sought relief in the Dickinson Circuit Court, asking that the consent judgment be enforced. The trial court and the Court of Appeals enforced the plain terms of the consent judgment and required defendant to reimburse plaintiff for the reduction in her interest in defendant's retirement benefits. Defendant argues that federal law preempts state law in regard to the division of veteran benefits and, thus, the consent judgment is unenforceable.

> We conclude that federal law preempts state law such that the consent judgment is unenforceable to the extent that it required defendant to reimburse plaintiff for the reduction in the amount payable to her due to his election to receive CRSC. Although the Court of Appeals indicated its agreement with plaintiff's assertion that defendant was engaging in an improper collateral attack against the consent judgment, the panel did not discuss the effect of federal preemption on the trial court's subject-matter jurisdiction or defendant's ability to challenge the terms of the consent judgment outside of direct appeal. Because these questions remain important, we vacate that portion of the Court of Appeals' opinion agreeing with plaintiff that defendant was engaging in an improper collateral attack and reverse the balance of the Court of Appeals' opinion in this case. . . . This case is remanded to the Court of Appeals so that the panel may address the effect of our holdings on defendant's ability to challenge the terms of the consent judgment. [*Foster*, __ Mich at __; slip op at 1-3,]

State courts are deprived of subject-matter jurisdiction when principles of federal preemption are applicable. *Ryan v Brunswick Corp*, 454 Mich 20, 27; 557 NW2d 541 (1997), abrogated in part on other grounds in *Sprietsma v Mercury Marine*, 537 US 51, 63-64; 123 S Ct 518; 154 L Ed 2d 466 (2002); *People v Kanaan*, 278 Mich App 594, 602; 751 NW2d 57 (2008); *Konynenbelt v Flagstar Bank, FSB*, 242 Mich App 21, 25; 617 NW2d 706 (2000). And an error in the exercise of a court's subject-matter jurisdiction can be collaterally attacked. *Bowie v Arder*, 441 Mich 23, 56; 490 NW2d 568 (1992); *Workers' Compensation Agency Dir v MacDonald's Indus Prod, Inc (On Reconsideration)*, 305 Mich App 460, 477; 853 NW2d 467 (2014) (a collateral attack is allowed if the court never acquired jurisdiction over the subject matter). Moreover, "[s]ubject-matter jurisdiction cannot be granted by implied or express stipulation of the litigants." *Harris v Vernier*, 242 Mich App 306, 316; 617 NW2d 306 (2000); see also *Teddy 23, LLC v Mich Film Office*, 313 Mich App 557, 564; 884 NW2d 799 (2015) ("Nor can subject-matter jurisdiction be conferred by the consent of the parties"). Accordingly, in the instant case, defendant did not engage in an improper collateral attack on the consent judgment and the trial court lacked subject-matter jurisdiction to enforce the consent judgment with respect to the offset provision due to the principle of federal preemption.

We reverse and remand for further proceedings or actions, if any, as the trial court may deem necessary. We do not retain jurisdiction. We decline to award taxable costs under MCR 7.219.


/s/ Jane E. Markey
/s/ Stephen L. Borrello
/s/ Amy Ronayne Krause