WINTERS v DALTON

Docket No. 151334. Submitted July 13, 1994, at Lansing. Decided
    September 20, 1994, at 9:20 A.M.
    Timothy L. Winters, Sr., brought an action in the Macomb
        Circuit Court against Robert Dalton, Jr., and Daniel Kemp,
        seeking damages for injuries sustained in an automobile acci-
        dent that occurred while the plaintiff was a passenger in a
        vehicle owned by Kemp, his employer, and driven by Dalton, a
        co-worker. The accident occurred while the plaintiff was being
        driven home after work. While riding in the automobile, the
        plaintiff was performing one of his job duties, but he was not
        "on the clock." Kemp's worker's compensation insurer, Aetna
        Casualty and Surety Company, which also is the insurer of
        Kemp's automobile, denied the plaintiff's claim for worker's
        compensation benefits before the plaintiff instituted this action.
        The trial court, Frederick D. Balkwill, J., denied the defen-
        dants' motion for summary disposition, which had alleged that
        the court lacked subject-matter jurisdiction because the issues
        concerning whether the plaintiff received injuries and whether
        the injuries arose in the course of employment are exclusively
        within the purview of the Bureau of Worker's Disability Com-
        pensation, stating that the issue regarding subject-matter juris-
        diction had been waived by virtue of the tardy assertion of the
        issue and the denial of worker's compensation benefits. The
        defendants appealed.
        The Court of Appeals held:
        1. The trial court erred in ruling that the dispute regarding
    subject-matter jurisdiction could be waived by the defendants'
    conduct.
        2. The plaintiff did not preserve for appeal his claim regard-
    ing the propriety of this action under the dual-capacity doc-
    trine. No manifest injustice will result from the failure to
    review the issue.
        3. The case must be remanded to the trial court. The plaintiff

REFERENCES

Am Jur 2d, Courts §§ 95, 97; Workers' Compensation §§ 264-266,
    299, 300, 687, 688, 710.
See ALR Index under Jurisdiction; Workers' Compensation.

should file a claim with the Bureau of Worker's Disability Compensation within thirty days. If the plaintiff timely files his claim, the trial court must hold this case in abeyance pending the decision of the bureau. If the bureau finds that the plaintiff's injuries are work-related, or if the plaintiff fails to file timely his claim or to seek timely review of the decision of the Court of Appeals by the Supreme Court, the trial court must dismiss this action. If the bureau finds that the injuries are not work-related, the trial court must proceed to enforce the judgment in this case.

Reversed and remanded.

1. WORKER'S COMPENSATION — BUREAU OF WORKER'S DISABILITY COMPENSATION — JURISDICTION — WORK-RELATED INJURIES.

The determination regarding whether an employee's injuries grew out of or occurred in the course of the employment relationship initially is within the exclusive jurisdiction of the Bureau of Worker's Disability Compensation.

2. COURTS — JURISDICTION — SUBJECT-MATTER JURISDICTION.

Lack of jurisdiction of the subject matter may be raised at any time, and the parties to an action can neither confer jurisdiction by their conduct or action nor waive the defense by not raising it.

*Musilli, Baumgardner, Wagner & Parnell, P.C.* (by *Ralph Musilli*), for the plaintiff.

*Wendt, Wendt, Van Eman & Candela* (by *James J. Van Eman, III*), for the defendants.

Before: DOCTOROFF, C.J., and SHEPHERD and J. R. KIRWAN,* JJ.

PER CURIAM. Plaintiff filed this suit seeking damages for personal injuries suffered in an automobile accident. Defendants appeal as of right from the trial court's denial of their motions for summary disposition, reconsideration, and a directed verdict of dismissal based on the lack of subject-matter jurisdiction. We reluctantly reverse.

On September 7, 1988, plaintiff was a passenger

---

* Circuit judge, sitting on the Court of Appeals by assignment.

in a vehicle owned by Kemp, plaintiff's employer, and driven by Dalton, a co-worker, and was on his way home after work. While riding in the car, plaintiff was performing one of his job duties, i.e., sorting concrete tickets, but he was not "on the clock." Dalton drove into the back of a bus and plaintiff was seriously injured.

Before instituting this case, plaintiff contacted Kemp's worker's compensation carrier, Aetna Casualty and Surety Company, regarding benefits. Aetna denied his claim, stating his injuries were not work-related. Plaintiff then instituted this action.

Before trial, defendants filed a motion for summary disposition, arguing that the trial court lacked subject-matter jurisdiction because the issues concerning whether plaintiff received injuries and whether they arose in the course of employment are exclusively within the purview of the Bureau of Worker's Disability Compensation. Defendants argued that plaintiff should be compelled to file an application for hearing with the bureau and obtain a determination whether he was injured in the course of employment before being allowed to pursue this civil action.

The trial court denied defendants' motion, stating that they had waived the issue of subject-matter jurisdiction by virtue of their tardy assertion of the issue and by virtue of the denial of worker's compensation benefits.

The trial court erred in ruling that the dispute regarding subject-matter jurisdiction could be waived by defendants' conduct. The determination regarding whether an employee's injuries grew out of or occurred in the course of the employment relationship is initially within the exclusive jurisdiction of the Bureau of Worker's Disability Compensation. *Adams v Nat'l Bank of Detroit,* 444

Mich 329; 508 NW2d 464 (1993); *Szydlowski v General Motors Corp,* 397 Mich 356; 245 NW2d 26 (1976). Lack of subject-matter jurisdiction may be raised at any time, and parties to an action can neither confer jurisdiction by their conduct or action nor waive the defense by not raising it. *Paulson v Secretary of State,* 154 Mich App 626; 398 NW2d 477 (1986).

That is not to say that we condone the actions of Kemp's automobile insurance carrier and worker's compensation carrier, Aetna. We find Aetna's tactics—denying plaintiff's claim for worker's compensation benefits in its role as the employer's worker's compensation carrier and then demanding that plaintiff seek a determination from the Bureau of Worker's Disability Compensation before being allowed to pursue this civil action in its role as Kemp's automobile insurance carrier—distasteful and nothing more than an attempt to play "fast and loose" with the courts. Were the issue here any other than that of the circuit court's subject-matter jurisdiction, we would invoke the doctrine of judicial estoppel and prevent Kemp from arguing that plaintiff must seek a determination from the bureau before pursuing this action. However, we are bound to take notice of the limits of the circuit court's subject-matter jurisdiction. *Paulson, supra.*

Plaintiff has not preserved for appeal his claim regarding the propriety of this suit under the dual-capacity doctrine and no manifest injustice will result from this Court's failure to review the issue. *Earl v White,* 155 Mich App 152; 399 NW2d 40 (1986). If the Bureau of Worker's Disability Compensation determines that plaintiff was injured in the course of his employment, defendant Kemp's status as owner of the vehicle is not completely independent from and unrelated to his status as

employer so as to allow suit under the dual-capacity doctrine. *Wells v Firestone Tire & Rubber Co,* 421 Mich 641; 364 NW2d 670 (1984).

This case is remanded to the trial court and plaintiff is instructed to file a claim with the Bureau of Worker's Disability Compensation within thirty days. If plaintiff timely files his claim, the trial court is ordered to hold this case in abeyance pending the decision of the bureau. If the bureau finds that plaintiff's injuries are work-related or if plaintiff fails to file timely his claim or to seek timely review of this Court's decision in the Supreme Court, the trial court shall dismiss the action before it. If the bureau finds that the injuries are not work-related, the trial court shall proceed to enforce the judgment in this case.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.