*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

REBEKAH ANN KORTMAN,

Plaintiff-Appellant,

UNPUBLISHED
February 13, 2020

v

PAUL EVERT KORTMAN,

Defendant-Appellee.

Nos. 349270; 349632
Newaygo Circuit Court
LC No. 19-056348-DM

Before: SAWYER, P.J., and MARKEY and STEPHENS, JJ.

PER CURIAM.

In these consolidated appeals, plaintiff, Rebekah Ann Kortman, appeals as of right the trial orders concluding that Mexico had jurisdiction over the parties' divorce proceedings and dismissing plaintiff's divorce complaint that was filed in Michigan. On appeal, plaintiff argues that the trial court erred in finding that Mexico had subject-matter jurisdiction over the parties' divorce pursuant to the Uniform Child-Custody Jurisdiction and Enforcement Act (UCCJEA).[1] However, because the children had been living in Mexico for six consecutive months before defendant, Paul Evert Kortman, filed his divorce compliant in Mexico and divorce proceedings were initiated there first, we believe that the trial court properly determined that Mexico had jurisdiction in this case.

## I. BACKGROUND

This case arises out of divorce proceedings involving a family which had traveled outside of the United States beginning in March 2014. The parents described themselves as "location independent" in a blog which chronicled their travels. The parties married in Grand Rapids, Michigan, on October 24, 2003. The couple had four children during the marriage. The parties and the children are all United States citizens. They lived in Newaygo until March 2014, when the parties decided to travel. Between March and October 2014, the family visited several countries, including the Philippines, Thailand, Malaysia, Singapore, South Africa, Qatar, Bulgaria,

---

[1] MCL 722.1101 *et seq*.

Spain, and Portugal. The family returned to Michigan from October 2014 until November 2015 when they traveled through Central America and Mexico, living in a mobile home and home schooling the minor children. The parties separated on May 20, 2018, but continued to live separately in Mexico for a time. Plaintiff removed the children from Mexico on August 2, 2018. She returned to the United States and eventually settled back in Newaygo. On November 14, 2018, defendant filed for divorce in Mexico and a separate Hague Petition in the United States District Court for the Western District of Michigan, asking for the return of the children to Mexico. Plaintiff filed for divorce in Newaygo on February 15, 2019. The parties entered into a settlement of the federal litigation and entered a stipulation that was adopted by the Michigan trial court as a court order in the instant case. The stipulation filed in the circuit court, in pertinent part, read:

> 1. In lieu of addressing the merits of the Hague Proceeding in the US Federal District Court for the Western District of Michigan, the Parties have agreed to the voluntary withdrawal of the Hague petition and to instead address the issue of which country has subject matter jurisdiction under the UCCJEA in this Court.

> 2. The parties agree that if this Court finds that Mexico has subject matter jurisdiction over the minor children under the UCCJEA then the parties shall proceed with the divorce proceeding in the pending Mexican Divorce Proceeding and a voluntary Hague return order shall enter ordering the Plaintiff/Mother to return with the children to Guanajuato, Mexico within 14 days of the entry of a final order (unless otherwise stayed by this court or a court of competent jurisdiction) addressing a motion to dismiss and for other relief to be brought by the Defendant/Father in this matter within the next 14 days.

> 3. Should this Court find that Mexico lacks subject matter jurisdiction over the minor children over [sic] the UCCJEA then the parties agree to enter a stipulated order of dismissal in the Mexican Divorce proceeding and to proceed with the divorce action in Michigan.

> 4. This stip [sic] and order shall not cause the Defendant to be deemed to have waived any defenses which need to be raised in his initial pleadings, such defenses (if any) shall still be permitted to be raised in the motion he is to file in the next 14 days or in his answer to the complaint. The same shall apply for the Plaintiff in the divorce action pending in Mexico.

The circuit court consulted with the trial judge in the case filed in Mexico. Subsequently, the circuit court held an evidentiary hearing on the issues related to jurisdiction. The trial court found that both Michigan and Mexico could be considered the children's "home state" and therefore each had jurisdiction over the divorce. The court determined that Mexico had jurisdiction over the parties' divorce proceedings because the children were present in Mexico for six months preceding defendant's filing his divorce complaint in Mexico. The court also determined that Michigan had jurisdiction over the divorce proceedings because the children were in Michigan for the six months preceding plaintiff's filing for divorce. However, the court held that under the UCCJEA, Michigan could not exercise its jurisdiction where divorce proceedings were first filed in Mexico and they had not been terminated or stayed. As a result, the trial court entered the voluntary return order directing plaintiff to return with the children to Mexico pursuant to the

adopted stipulation of the parties. The trial court then dismissed plaintiff's Michigan divorce complaint and any other filings provided by the parties. This appeal followed.

## II. ANALYSIS

First, plaintiff argues that the UCCJEA does not apply in this case because the parties were on an extended vacation with the children in Mexico. We disagree.

"Whether a trial court has subject-matter jurisdiction presents a question of law that this Court reviews de novo." *Nash v Salter*, 280 Mich App 104, 108; 760 NW2d 612 (2008) (quotation marks and citation omitted). This Court also reviews "issues of statutory construction de novo as questions of law." *Id*. at 108-109. However, the trial court's determination whether to exercise jurisdiction pursuant to the UCCJEA is reviewed for an abuse of discretion. *Id*. at 108. "[I]f the trial court's decision results in an outcome within the range of principled outcomes, it has not abused its discretion." *Jamil v Jahan*, 280 Mich App 92, 100; 760 NW2d 266 (2008). The UCCJEA, which replaced the Uniform Child Custody Jurisdiction Act, MCL 600.651 *et seq*., was designed to "rectify thirty years of inconsistent case law and revise child-custody jurisdiction in light of overlapping federal enactments . . . ." *Atchison v Atchison*, 256 Mich App 531, 536; 664 NW2d 249 (2003). Further, this Court stated that

> [t]he UCCJEA was designed to: (1) rectify jurisdictional issues by prioritizing home-state jurisdiction, (2) clarify emergency jurisdictional issues to address time limitations and domestic-violence issues, (3) clarify the exclusive continuing jurisdiction for the state that entered the child-custody decree, (4) specify the type of custody proceedings that are governed by the act, (5) eliminate the term "best interests" to the extent it invited a substantive analysis into jurisdictional considerations, and (6) provide a cost-effective and swift remedy in custody determinations. [*Id*.]

"The UCCJEA prescribes the powers and duties of the court in a child-custody proceeding involving [Michigan] and a proceeding or party outside of this state . . . ." *Chessman v Williams*, 311 Mich App 147, 151; 874 NW2d 385 (2015) (quotation marks and citation omitted; alterations and ellipsis in original). "A foreign country is treated as a state of the United States when applying the general and jurisdictional provisions of the UCCJEA." *Atchison*, 256 Mich App at 537. See also MCL 722.1105(1).

These parties specifically agreed to have the trial court decide whether Michigan or Mexico had jurisdiction pursuant to the UCCJEA. Stipulation aside, the trial court did not err in analyzing the case pursuant to the UCCJEA. The trial court rejected plaintiff's contention that the UCCJEA did not apply because the parties were merely on an extended vacation in Mexico and did not plan to stay. The defendant argued that the parties in fact intended to remain in Mexico. The trial court found that the parties' residential intentions were not dispositive given the undisputed actions. It was undisputed that the family left Michigan in early 2014 and visited several different countries. The family returned to Michigan and then traveled to Mexico in November 2015. Defendant and the children were granted permanent residency in Mexico in 2017. Plaintiff never obtained permanent resident status in Mexico. Plaintiff and the children returned to the United States in August 2018 and the parties instituted the three cases concerning their dissolution of the marriage

and child custody. It is objectively true that the family had been in Mexico for three years prior to their transport to the United States and that defendant remained in Mexico at the onset of the proceedings. The trial court properly analyzed the case pursuant to the UCCJEA where a child-custody proceeding was initiated in both Michigan and Mexico, and one party resided outside of Michigan. See *Chessman*, 311 Mich App at 151.

Second, plaintiff argues that even if the UCCJEA did apply in this case, only Michigan had home state jurisdiction. We disagree.

MCL 722.1201(2) states that MCL 722.1201(1) "is the exclusive jurisdictional basis for making a child-custody determination by a court of this state." MCL 722.1201(1) states:

> (1) Except as otherwise provided in section [MCL 722.1204,] a court of this state has jurisdiction to make an initial child-custody determination only in the following situations:

> (a) This state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within 6 months before the commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state.

> (b) A court of another state does not have jurisdiction under subdivision (a), or a court of the home state of the child has declined to exercise jurisdiction on the ground that this state is the more appropriate forum under section [MCL 722.1207] or [MCL 722.1208], and the court finds both of the following:

> (*i*) The child and the child's parents, or the child and at least 1 parent or a person acting as a parent, have a significant connection with this state other than mere physical presence.

> (*ii*) Substantial evidence is available in this state concerning the child's care, protection, training, and personal relationships.

> (c) All courts having jurisdiction under subdivision (a) or (b) have declined to exercise jurisdiction on the grounds that a court of this state is the more appropriate forum to determine the custody of the child under section 207 or 208.

> (d) No court of another state would have jurisdiction under subdivision (a), (b), or (c).

According to MCL 722.1102(g), "home state" is

> the state in which a child lived with a parent or a person acting as a parent for at least 6 consecutive months immediately before the commencement of a child-custody proceeding. In the case of a child less than 6 months of age, the term means the state in which the child lived from birth with a parent or person acting as a parent. A period of temporary absence of a parent or person acting as a parent is included as part of the period.

"Commencement" is "the filing of the first pleading in a proceeding." MCL 722.1102(e). "Physical presence of, or personal jurisdiction over, a party or a child is neither necessary nor sufficient to make a child-custody determination." MCL 722.1201(3).

In this case, plaintiff is correct that the trial court determined that Michigan was the home state of the children when plaintiff filed her divorce complaint in Michigan in February 2019 because the children had been living in Michigan since August 2018. See MCL 722.1201(1)(a). However, the trial court continued its analysis pursuant to MCL 722.1206(1)(a), which provides

> Except as otherwise provided in [MCL 722.1204] a court of this state may not exercise its jurisdiction under this article if, at the time of the commencement of the proceeding, a child-custody proceeding has been commenced in a court of another state having jurisdiction substantially in conformity with this act, unless the proceeding has been terminated or is stayed by the court of the other state because a court of this state is a more convenient forum under [MCL 722.1207].

In this case, defendant filed a divorce complaint (involving the custody of the children) in Mexico on November 14, 2018. It is undisputed that the parties and the children lived in Mexico from November 2015 until August 2018. Therefore, as of August 2, 2018 (when plaintiff and the children returned to the United States), the children's home state was Mexico. Accordingly, when defendant filed his complaint on November 14, 2018, Mexico was still the children's home state as it was within six months of August 2, 2018. See MCL 722.1201(1)(a). See also *Nash*, 280 Mich App at 111 (concluding that the home state for a child who lived in Texas from August 2006 until May 2007 was Texas when her parents filed a proceeding in Michigan in August 2007 because she had only lived in Michigan for two months).

Plaintiff argues that the parties did not intend to remain in Mexico. However, this Court explained that "the focus of the UCCJEA concerns a child's actual presence, not his or her intent to remain." *Ramamoorthi v Ramamoorthi*, 323 Mich App 324, 339; 918 NW2d 191 (2018). Moreover, plaintiff's contention that the Mexican court cannot have jurisdiction because the children do not have a strong connection with Mexico is not determinative in this case. First, although the children had been living in Michigan for six months when plaintiff filed her divorce complaint, at the time that defendant filed his divorce complaint in November 2018, the children did not yet have strong ties to Michigan as they had not been in Michigan since 2015. Instead they had been living in Mexico for almost three years. Second, plaintiff may raise this argument and any other arguments regarding the appropriate forum in the Mexican court proceedings.

Plaintiff also asserts that Mexico cannot have jurisdiction in substantial compliance with the UCCJEA because Mexico is not bound by the UCCJEA and the Mexican court had not accepted jurisdiction of the children. However, regardless of Mexico's divorce or custody laws, the Mexican court had jurisdiction of defendant's divorce complaint pursuant to the UCCJEA. See *In re McDonald*, 74 Mich App 119, 127-128; 253 NW2d 678 (1977) (concluding that pursuant to the Uniform Child Custody Jurisdiction Act, "a state exercises jurisdiction in substantial conformity with the Act when, regardless of the state's own law on the matter, it has jurisdiction under the criteria enumerated in the Act"). Additionally, plaintiff explained that the Mexican court would not move forward until plaintiff filed an answer and the court held a preliminary hearing to

decide jurisdiction. At any rate, we are not aware that the court in Mexico has declined to exercise jurisdiction. See MCL 722.1201(1)(b).

Although the facts of this case are unique considering the lifestyle of the parties, we do not believe that the trial court abused its discretion by declining to accept jurisdiction over the court in Mexico. See *Nash*, 280 Mich App at 108. The trial court applied the plain language of the statute to the facts of the case. Defendant filed for divorce in Mexico first within six months of the children's home state being Mexico as the parties had lived in Mexico for almost three years before the parties separated and plaintiff returned to the United States. See MCL 722.1201(1)(a); MCL 722.1102(g). Additionally, the trial court contacted the Mexican court to discuss jurisdiction, and the Mexican court explained that it would decide jurisdiction after it heard the case. Indeed, at the May 16, 2019 hearing, plaintiff asked the trial court to adjourn defendant's motion to dismiss and allow the Mexican court to decide whether it would exercise jurisdiction in the case. The trial court noted that there may be some issues with plaintiff traveling to Mexico and defendant's residency status in Mexico, but those issues had not been established in the existing record (the parties merely presented these issues in argument and pleadings no actual evidence was provided). As a result, the trial court's decision to decline jurisdiction despite having some concerns was not an abuse of discretion. See *Nash*, 280 Mich App at 108.

Third, plaintiff argues that defendant breached the stipulation and waived his defense that he filed for divorce first in Mexico by filing a counterpetition under the Hague Convention with his motion to dismiss concerning plaintiff's divorce case in Michigan. We disagree.

A waiver "is the intentional relinquishment of a known right." *Sweebe v Sweebe*, 474 Mich 151, 156-157; 712 NW2d 708 (2006) (quotation marks and citation omitted). However, "[l]ack of subject-matter jurisdiction may be raised at any time, and parties to an action can neither confer jurisdiction by their conduct or action nor waive the defense by not raising it." *Winters v Dalton*, 207 Mich App 76, 79; 523 NW2d 636 (1994).

In this case, after the parties agreed to the stipulation and order and the federal case was dismissed, defendant filed a motion to dismiss and a counterpetition under the Hague Convention, asking for the return of the children. In response, plaintiff filed a motion for summary disposition pursuant to MCR 2.116(C)(9) and (10), arguing that defendant availed himself to the Michigan's court's jurisdiction by filing the counterpetition. Plaintiff's waiver argument is unsupported by caselaw. Moreover, the parties' stipulation stated that defendant was permitted to present defenses in a responsive pleading or motion filed within 14 days of the stipulation and order. One of the defenses raised by defendant was that plaintiff wrongfully removed the children from Mexico without defendant's consent. Defendant further argued that even if the trial court found that Michigan had jurisdiction pursuant to the UCCJEA, it should waive that jurisdiction pursuant to MCL 722.1208 because plaintiff abducted the children to establish jurisdiction in Michigan. As a result, the counterpetition was filed in anticipation of the trial court finding that Michigan had subject-matter jurisdiction pursuant the UCCJEA and to preserve defendant's defenses as contemplated by the stipulation. At best, the defendant waived personal jurisdiction objections. It is the court which must determine subject-matter jurisdiction and, defendant cannot waive that determination. See *Winters*, 207 Mich App at 79.

Plaintiff additionally contends that the trial court erred in failing to make any findings regarding the Hague Convention or allow plaintiff to present her defenses. We disagree.

"Stipulated orders that are accepted by the trial court are generally construed under the same rules of construction as contracts." *Phillips v Jordan*, 241 Mich App 17, 21; 614 NW2d 183 (2000). "Like contracts, stipulated orders are agreements reached by and between the parties." *Id*.

In this case, the trial court followed this stipulation. The trial court determined that Mexico had jurisdiction under the UCCJEA and then issued the voluntary return order directing plaintiff to return with the children to Mexico as contemplated in ¶ 2. The parties simply agreed to participate in the divorce proceedings in the location as determined by the trial court's finding regarding jurisdiction pursuant to the UCCJEA. On appeal, plaintiff does not contend that she did not agree to this arrangement or that the stipulation is somehow improper. Although plaintiff argues that defendant's filing of the counterpetition invited the trial court to complete an analysis pursuant to the Hague Convention, defendant filed his counterpetition to preserve his defenses or in anticipation of the trial court finding that Michigan had jurisdiction. The invitation was not a mandate. The trial court has not committed any error, especially considering that plaintiff did not file her second motion for summary disposition (involving her arguments under the Hague Convention) until after the trial court issued its opinion regarding jurisdiction and the voluntary return order.

In addition, plaintiff raises constitutional arguments for the first time on appeal, arguing that her due-process rights were violated because she was not allowed to present defenses and that the trial court should have considered the UCCJEA and the Hague Convention together. She also asserts that the UCCJEA's treatment of a foreign county as another "state" is unconstitutional. However, considering the parties' stipulation and plaintiff's failure to raise any of her constitutional arguments in the lower court proceedings, plaintiff has not shown that the trial court's voluntary return order constituted plain error affecting her substantial rights. See *Wolford v Duncan*, 279 Mich App 631, 641; 760 NW2d 253 (2008). As a result, the trial court did not err in issuing the voluntary return order pursuant to the parties' stipulation and the trial court's determination that Mexico had jurisdiction.

Finally, defendant argues that this Court should lift the trial court's stay. However, this request is not properly before this Court because defendant failed to file a cross-appeal on this issue. See *Tyra v Organ Procurement Agency of Mich*, 498 Mich 68, 88-89; 869 NW2d 213 (2015).

Affirmed.

/s/ David H. Sawyer
/s/ Jane E. Markey
/s/ Cynthia Diane Stephens