*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

AMBASSADOR A VILLA CENTER, IMPERIAL A VILLA CENTER, REGENCY A VILLA CENTER, ST. JOSEPH'S A VILLA CENTER, VILLA AT GREAT LAKES CROSSING, VILLA AT GREEN LAKES ESTATES, VILLA AT PARKRIDGE, VILLA AT ROSE CITY, VILLA AT SILVERBELL ESTATES, VILLA AT THE BAY, VILLA AT THE PARK, VILLA AT TRAVERSE POINT, VILLA AT WEST BRANCH, WESTLAND A VILLA CENTER, and FATHER MURRAY A VILLA CENTER,

UNPUBLISHED
February 29, 2024

Petitioners-Appellants,

v

No. 360734
Macomb Circuit Court
LC No. 2021-004186-AA

DEPARTMENT OF HEALTH AND HUMAN SERVICES,

Respondent-Appellee.

Before: MURRAY, P.J., and CAMERON and PATEL, JJ.

PER CURIAM.

Petitioners Ambassador, a Villa Center; Imperial, a Villa Center; Regency, a Villa Center; St. Joseph's, a Villa Center; Villa at Great Lakes Crossing; Villa at Green Lakes Estate; Villa at Parkridge; Villa at Rose City; Villa at Silverbell Estates; Villa at the Bay; Villa at the Park; Villa at Traverse Point; Villa at West Branch; and Westland, a Villa Center appeal by leave granted[1] the Macomb Circuit Court's order dismissing their appeal of an administrative decision for lack of jurisdiction. Petitioners argue jurisdiction and venue were proper in Macomb Circuit Court. Alternatively, petitioners assert that if jurisdiction or venue were not proper, the court erred by

---

[1] *Ambassador, a Villa Center v Dep't of Health & Human Servs*, unpublished order of the Court of Appeals, entered August 24, 2022 (Docket No. 360734).

failing to transfer their administrative appeal to Ingham Circuit Court under MCL 24.303 of the Administrative Procedures Act of 1969 (APA), MCL 24.201 *et seq*.  We affirm.

## I.  FACTS AND PROCEDURAL HISTORY

Villa Healthcare (Villa) operates 16 nursing home facilities in Michigan, including petitioners and two others: Father Murray, a Villa Center, and the Villa at City Center.  On behalf of these 16 facilities, Villa filed Medicaid cost reports for review by respondent, the Department of Health and Human Services.  On October 15, 2020, the Department issued a Preliminary Summary of Audit Adjustments (Audit Adjustments) for Villa's Fiscal Year Ending (FYE) 2018 Medicaid cost report.  The Audit Adjustment covered all 16 facilities**.**

As the details of the Audit Adjustment are not at issue on appeal, we need not discuss them in this opinion.  According to petitioners, "If upheld, the Department's decision would result in Villa having to repay $2,849,213 that it has already spent providing care to Michigan's Medicaid beneficiaries in its skilled nursing facilities."

## A.  ADMINISTRATIVE RECORD

The Department's Audit Adjustments Notice for FYE 2018, dated October 15, 2020, stated that if petitioners wished to appeal the audit adjustments, they should submit a written request within 30 days of the notice for an internal conference to the Department's Appeals Section, or for an administrative hearing to the Michigan Office of Administrative Hearings and Rules (MOAHR).  Further, the notice provided:

> If you do not appeal the determinations of this Preliminary Summary of Audit Adjustments Notice within 30 calendar days as outlined above, then this notice will serve as your Final Summary of Audit Adjustments Notice.  A Final Summary of Audit Adjustments Notice may not be appealed.

In December 2020, Villa, through Plante Moran, received correspondence that no appeal of the Audit Adjustment had been made.  In response, on December 16, 2020, Villa sent the Department a copy of the request for an internal conference it asserts to have timely mailed on November 12, 2020, but the MOAHR dismissed the request on January 4, 2021.

Villa and its 16 nursing facilities (including petitioners) requested an administrative hearing to challenge the MOAHR's dismissal of its request for an internal conference and the Department's FYE 2018 Audit Adjustment, which the Department moved to dismiss because it was not filed within 30 days.  In his proposal for decision, Administrative Law Judge (ALJ) Robert J. Meade stated that he lacked subject-matter jurisdiction over petitioners' appeal of the Department's dismissal because neither petitioners' request for an internal conference nor request for a hearing were timely filed.  Despite petitioners' exceptions to the proposal, the Department entered its final order on October 7, 2021, adopting ALJ Meade's proposal for decision in its entirety, and granting the Department's motion to dismiss petitioners' request for a hearing.

## B.  MACOMB CIRCUIT COURT PROCEEDINGS

Petitioners filed a claim of appeal from the Department's final order in Macomb Circuit Court, stating venue was proper there under MCL 24.303(1), which requires that a petition for

review of an administrative decision be filed where the petitioner has its principal place of business or Ingham County, because two of the facilities—Villa at City Center and Father Murray, a Villa Center—had their principal places of business in Macomb County. As the statement of jurisdiction in their brief, petitioners stated:

> This appeal is taken from the [Department's] arbitrary refusal to allow [petitioners], sixteen nursing facilities owned and/or operated by Villa Healthcare ("Villa") an administrative hearing regarding proposed retroactive audit adjustments. The Circuit Court has jurisdiction over this appeal of the final decision of the [Department] following a contested case. MCL 24.301.

And, in support of their appeal of the Department's final order, petitioners argued: (1) they produced sworn testimony that their request for an internal conference was timely mailed; (2) ALJ Meade erred by failing to conclude otherwise; (3) even if their request was untimely, ALJ Meade abused his discretion by refusing to accept the request for a hearing; and (4) the Department's Audit Adjustment was unlawful.

The Department responded in opposition, asserting, in part, entitlement to dismissal of petitioners' appeal under MCL 24.303(1), because only two of Villa's 16 facilities are located in Macomb County. In reply, petitioners challenged the Department's jurisdiction argument, asserting that Villa at City Center and Father Murray, a Villa Center, are located in Macomb County, that "[i]t would be a waste of judicial resources to file the consolidated cases in various counties," and that if the Department wanted the appeal in another circuit, it could have timely moved for the change. Further, they asserted their "initial choice of venue [was] to be accorded deference."

The court held a motion hearing and determined it lacked jurisdiction over that portion of the appeal filed by the 14 facilities (petitioners) located outside Macomb County, stating, in pertinent part:

> Jurisdiction is limited to either Ingham County or the principal place of business.
>
> *   *   *
>
> [J]urisdiction is limited to those two for this Court in that the others are total and distinct entities from this Court's consideration. They do not have a principal place of business here nor can they establish that these two entities are related by way of corporate entities. They each have their own considerations, their own corporate structure independent of each other. So I am ruling that that is the case. So I have jurisdiction of the two but not the others.

In response, petitioners requested leave to seek a different jurisdiction because the "cases were consolidated" during the audit and administrative process, but the court rejected the request, stating:

> I don't have that authority. I do not believe that is within my authority to do, and like you say, I believe they may have been consolidated there for consideration by the Appellate Court. They did not consent to consolidation of this Court for purposes of jurisdiction, and I'm sorry, I think my jurisdiction is limited only to

those two entities that are recognized by the appellate process to either Ingham County or the county of principal place of business. This is it. And it couldn't be stated clearer in the appellate process, and I don't believe I have jurisdiction over the others.

For the two facilities located in Macomb County—Villa at City Center and Father Murray—the Court remanded to the ALJ for consideration of whether the request for an internal conference was timely submitted.

The circuit court codified its ruling in a February 15, 2022 order. Petitioners moved for reconsideration, asserting that "[t]he action below was tried as a single action and while MCL 24.303 provides a right of Appeal in the County where an Appellant is located or Ingham County," the circuit court could have used its general appellate powers or joinder under MCR 2.206(A)(1), to treat this as a single administrative appeal. In the alternative, petitioners argued the circuit court had the power under MCR 2.227(A) to transfer the administrative appeal to Ingham County where venue would be proper. The court denied the motion for the reasons previously stated on the record.

## II. ANALYSIS

### A. MACOMB CIRCUIT COURT JURISDICTION

Petitioners first assert on appeal that the circuit court erred by dismissing their administrative appeal for lack of jurisdiction. For an issue to be preserved on appeal, it must be raised in, or decided by, the trial court. *Glasker-Davis v Auvenshine*, 333 Mich App 222, 227; 964 NW2d 809 (2020). The circuit court dismissed petitioners' administrative appeal on the basis that it lacked jurisdiction. Accordingly, the general argument that the court erred in dismissing petitioners' administrative appeal for lack of jurisdiction has been preserved for appellate review.

Nevertheless, we decline to rule on or consider the merits of this issue because the specific arguments raised in petitioners' amended brief on appeal differ substantially from those raised in their application for leave to appeal. In the application, petitioners reiterated the arguments made in their motion for reconsideration with regard to jurisdiction—namely that consolidating the nursing facilities' administrative appeals in one court promoted judicial efficiency, and treating the appeals as a single action would have been appropriate under the circuit court's general appellate powers or the rules of joinder under MCR 2.206, MCR 7.112, and MCR 7.216. Specifically, they stated:

> [B]ecause the circuit court had subject matter jurisdiction over the issues, two of the original [petitioners], and the [Department], it could have exercised its powers under MCR 7.216(A)(2) and (7) to allow the joinder or consolidation of the remaining [petitioners] and remand the case to allow additional evidence to be taken as to *all* [petitioners]. Further, because this case involves a single factual finding and administrative ruling, remanding the issue as to all Appellants is within the Circuit Court's jurisdiction under MCL 600.611, which provides that "Circuit courts have jurisdiction and power to make any order proper to fully effectuate the circuit court's jurisdiction and judgments."

Petitioners alter, or abandon altogether, these arguments on appeal. Instead, with regard to jurisdiction in their amended brief on appeal, petitioners argue the circuit court erred in determining it lacked jurisdiction over their administrative appeals, because MCL 24.303(1) is a venue provision and does not affect jurisdiction. Additionally, petitioners assert that their administrative appeals were, in fact, properly joined under MCR 2.206(A)(1), not that they *could or should* have been joined, because they are seeking reversal of the Department's single decision, and the question is whether all timely submitted a request for an internal conference; and that venue was proper under MCL 600.1641. While these assertions may or may not have merit, we decline to address them because as the Department points out, these specific arguments were not raised below or in their application for leave to appeal, which this Court granted "limited to the issues raised in the application and supporting brief." *Ambassador, a Villa Center v Dep't of Health & Human Servs*, unpublished order of the Court of Appeals, entered August 24, 2022 (Docket No. 360734). Accordingly, the arguments petitioners raise on appeal are both unpreserved and not properly before this Court. MCR 7.205(E)(4) ("Unless otherwise ordered, the appeal is limited to the issues raised in the application and supporting brief."); *Ketchum Estate v Dep't of Health & Human Servs*, 314 Mich App 485, 506-507; 887 NW2d 226 (2016).[2]

B.  REQUEST FOR TRANSFER

Petitioners also argue on appeal that the circuit court erred or abused its discretion by declining to grant the request to transfer their administrative appeals to Ingham County. We disagree.

Following the circuit court's ruling on the record that it lacked jurisdiction over petitioners' administrative appeals, petitioners' counsel requested that the court grant them leave to seek a different jurisdiction, which the court denied. Accordingly, this issue is preserved. *Glasker-Davis*, 333 Mich App at 227.[3]

"Whether a court has subject-matter jurisdiction is a question of law, reviewed de novo on appeal." *In re Estate of Vansach*, 324 Mich App 371, 384; 922 NW2d 136 (2018). The interpretation of court rules is also reviewed de novo. *City of Highland Park v State Land Bank Auth*, 340 Mich App 593, 599-600; 986 NW2d 638 (2022).

Petitioners brought their claim of appeal challenging the Department's final order in the circuit court under the APA. Per MCL 24.301, "[w]hen a person has exhausted all administrative remedies available within an agency, and is aggrieved by a final decision or order in a contested case, whether such decision or order is affirmative or negative in form, the decision or order is subject to direct review by the courts as provided by law." And under MCL 24.303(1), "[e]xcept as provided in subsection (2), a petition for review shall be filed in the circuit court for the county

---

[2] In their reply brief on appeal, petitioners state issues of subject-matter jurisdiction can never be forfeited or waived. However, it is the *defense* of lack of subject-matter jurisdiction that cannot be waived and may be raised at any time. *Harris v Vernier*, 242 Mich App 306, 316; 617 NW2d 764 (2000).

[3] We note that petitioners did not cite MCR 2.227(A) at the hearing. They did so for the first time in their motion for reconsideration.

where petitioner resides or has his or her principal place of business in this state, or in the circuit court for Ingham county."

Petitioners argue in part, citing MCL 600.1651, that improper venue is not a ground for dismissal, and:

> Accordingly, the joint action should have been maintained in Macomb County Circuit Court. If venue had been improper (which it was not) and if the Department had moved for a change of venue (which it did not), then the proper course of action would have been to transfer the joint action to the Ingham County Circuit Court— not to dismiss some parties impacted by the Department decision while granting the request for remand for others.

But, like their argument regarding venue in the first issue, petitioners raise this specific argument for the first time on appeal, and we decline to consider it as a result. MCR 7.205(E)(4); *Ketchum Estate*, 314 Mich App at 506-507.[4]

Petitioners also assert, as they did in their application for leave to appeal, that the circuit court erred by not transferring their administrative appeals to the Ingham Circuit Court under MCR 2.227, which governs the transfer of actions on a finding of lack of jurisdiction, stating in part:

> [W]hen the court in which a civil action is pending determines that it lacks jurisdiction of the subject matter of the action, but that some other Michigan court would have jurisdiction of the action, the court may order the action transferred to the other court in a place where venue would be proper. If the question of jurisdiction is raised by the court on its own initiative, the action may not be transferred until the parties are given notice and an opportunity to be heard on the jurisdictional issue. [MCR 2.227(A).][5]

The Department argues that the circuit court did not err because it lacked jurisdiction over petitioners' administrative appeals and was required to dismiss those appeals in accordance with *Fox v Bd of Regents of Univ of Mich*, 375 Mich 238, 242; 134 NW2d 146 (1965), in which our Supreme Court held, "[w]hen a court is without jurisdiction of the subject matter, any action with respect to such a cause, other than to dismiss it, is absolutely void." We need not decide whether the circuit court erred when it determined it lacked jurisdiction over petitioners' administrative appeals, nor do we need to analyze the applicability of *Fox*, because even under MCR 2.227(A), petitioners' argument fails.

The rules in Chapter 2 of the Michigan Court Rules "govern procedure in all civil proceedings in all courts . . . ." MCR 2.001. And a "civil action is commenced by filing a

---

[4] In reply to the Department's request for dismissal below, petitioners asserted only generally that if the Department wanted the cases in a different circuit court, it could have moved for it, and that their initial choice of venue should have been accorded deference.

[5] MCR 2.227 was amended in 2023, but the amendment did not change the relevant language of MCR 2.227(A).

complaint with a court." MCR 2.101(B). Here, petitioners did not file a complaint. Rather, they appealed the Department's final order granting the Department's motion to dismiss their request for a hearing to challenge the Audit Adjustment. Thus, even assuming that the circuit court ruled it lacked subject-matter jurisdiction over petitioners' appeals, and that its ruling was proper, MCR 2.227(A) would not have been the appropriate mechanism for transfer.[6]

In any case, the language in MCR 2.227(A) is permissive, providing that a court which determines it lacks subject-matter jurisdiction over a civil action *may* order the action transferred. Accordingly, we hold that the circuit court did not err or abuse its discretion when it declined to grant petitioners' request for leave to file in a different circuit, especially considering petitioners could have avoided the present situation by following the clear directive in MCL 24.303(1) to file in either the county of their principal place of business, or in Ingham County. See *Lakeside Retreats LLC v Camp No Counselors LLC*, 340 Mich App 79, 88; 985 NW2d 225 (2022) (stating an abuse of discretion occurs when "the trial court's decision is outside the range of reasonable and principled outcomes").

We also note that petitioners' argument regarding the judicial efficiency of consolidating its administrative appeals in one circuit court seems disingenuous based on their actions following dismissal by the circuit court. Curiously, in their request for relief on appeal, petitioners ask that we order the administrative appeals transferred to Ingham Circuit Court or another court with jurisdiction, but have apparently continued to avoid Ingham Circuit Court by filing delayed applications for leave to appeal the Department's final order in multiple other counties.[7]

Affirmed.

/s/ Christopher M. Murray
/s/ Thomas C. Cameron
/s/ Sima G. Patel

---

[6] Subchapter 7.100 governs appeals to the circuit court, including appeals from a final order or decision of an agency from which an appeal to the circuit court is provided by law. MCR 7.103(A)(3), (B)(2).

[7] This Court may take judicial notice of public records. *Precise MRI of Mich, LLC v State Auto Ins Co*, 340 Mich App 269, 281 n 5; 985 NW2d 892 (2022).